**In re Jodie GROSSMAN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 424061).**

**No. 06–BG–123.**

District of Columbia Court of Appeals.

Submitted Nov. 6, 2007.
Decided Nov. 15, 2007.

---

Before NEWMAN, BELSON and KING, Senior Judges.

PER CURIAM:

In this disciplinary proceeding against respondent, Jodie Grossman,[1] the Board on Professional Responsibility ("Board") has recommended that we impose substantially different reciprocal discipline of disbarment to commence for purposes of reinstatement on the date respondent files a D.C. Bar R. XI, § 14(g) affidavit.

On December 2, 2005, the Commonwealth of Massachusetts Supreme Judicial Court for Suffolk County indefinitely suspended[2] respondent from the practice of law for intentionally misusing and converting client funds, failing to safeguard and promptly pay over or deliver funds, failing to account adequately for the funds when she wrote two checks from her escrow account made payable to cash, and submitting fabricated evidence and making misrepresentations to Bar Counsel. Respondent did not notify this jurisdiction of her suspension, and on February 3, 2006, Bar Counsel filed a certified copy of the suspension with this court. On February 23, 2006, this court temporarily suspended respondent and directed (1) Bar Counsel to inform the Board of his position regarding reciprocal discipline within thirty days, (2) respondent to show cause why identical, greater, or lesser discipline should not be imposed, and (3) the Board either to recommend discipline or proceed *de novo*. The Board recommended a substantially different reciprocal discipline of disbarment. Respondent did not participate in this reciprocal proceeding.

In its report and recommendation, the Board found that the record supported the imposition of substantially different discipline of disbarment. *See* D.C. Bar R. XI, § 11(c)(4) and (e). A two-step analysis applies to impose substantially different discipline. *See In re DeMaio*, 893 A.2d 583, 587 (D.C.2006) (citing *In re Garner*, 576 A.2d 1356, 1357 (D.C.1990)). In applying the first step, the Board correctly concluded that if the misconduct in question, namely intentional misappropriation, oc-

---

1. Respondent was admitted by motion to the District of Columbia Bar on June 8, 1990, but has been administratively suspended since November 30, 1993, for failure to pay dues.

2. An indefinite suspension permits respondent to be eligible to apply for reinstatement five years from the effective date of the order. Massachusetts Supreme Judicial Court Rule 4:01, § 18(2)(b).

curred here, the punishment would be disbarment, not suspension. *See In re Carlson,* 802 A.2d 341, 348 (D.C.2002) (citing *In re Addams,* 579 A.2d 190, 191 (D.C.1990) (en banc)). Second, the Board determined that there is substantial difference between disbarment and suspension.[3] Further, the record affirmatively supports a finding that the misappropriation was intentional and that respondent was afforded due process in Massachusetts.

■ Where no exceptions are filed, we give great deference to the Board's recommendation. *See* D.C. Bar R. XI § 11(f)(1); *In re Delaney,* 697 A.2d 1212, 1214 (D.C. 1997). Moreover, by failing to file any exceptions, respondent has effectively conceded that the proposed sanction is appropriate. *See In re Goldsborough,* 654 A.2d 1285, 1287–88 (D.C.1995); D.C. Bar R. XI, § 11(f). As disbarment is imposed for intentional misappropriation, *see In re Carlson, supra,* 802 A.2d at 348, we hereby adopt the Board's recommendation. Accordingly, it is

ORDERED that Jodie Grossman be disbarred from the practice of law in the District of Columbia and for purposes of reinstatement, the time period shall begin to run from the date respondent files her affidavit as required by D.C. Bar R. XI, § 14(g). *See In re Slosberg,* 650 A.2d 1329, 1331–33 (D.C.1994).

*So ordered.*

---

**3.** Although whether this is correct or not is clearly debatable, given that the only apparent difference between the Massachusetts discipline of an indefinite suspension with the right to apply for reinstatement after five years and our disbarment with a right to apply for reinstatement after five years is the opprobrium which attaches to the term disbarment, we need not decide this question. The Massachusetts discipline imposed in this case is the "functional equivalent" of the discipline the Board recommends to us. *See generally In re Steele,* 914 A.2d 679 (D.C. 2007); *In re Bell,* 716 A.2d 205 (D.C.1998).