**In re Robert P. HILSON, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 366947).**

**No. 07–BG–413.**

District of Columbia Court of Appeals.

Submitted July 9, 2008.

Decided July 17, 2008.

See also, 448 Mass. 603, 863 N.E.2d 483.

Before THOMPSON, Associate Judge, and KERN and NEBEKER, Senior Judges.

PER CURIAM:

In this disciplinary proceeding against respondent, Robert P. Hilson,[1] the Board on Professional Responsibility ("Board") has recommended that we impose substantially different reciprocal discipline of disbarment to commence for purposes of reinstatement on June 25, 2007, the date respondent filed a D.C. Bar R. XI, § 14(g) affidavit.

On April 30, 2007, the Commonwealth of Massachusetts Supreme Judicial Court for Suffolk County indefinitely suspended[2] respondent from the practice of law for dishonestly converting funds he was required to hold in trust during the representation of clients, breaching a fiduciary duty to his clients, failing to deposit entrusted funds in an interest bearing account, exposing his clients to potential liability, and disclosing client confidences. *In re Hilson,* 448 Mass. 603, 863 N.E.2d 483 (2007). Respondent did not notify this jurisdiction of his suspension, and on May 11, 2007, Bar Counsel filed a certified copy of the suspension with this court. On May 23, 2007, this court temporarily suspended respondent and directed (1) Bar Counsel to inform the Board of his position regarding reciprocal discipline, (2) respondent to show cause why identical, greater, or lesser discipline should not be imposed, and (3) the Board either to recommend discipline or proceed *de novo.* Bar Counsel recommended a substantially different reciprocal discipline of disbarment. Respondent filed a response in which he opposed disbarment but did not object to the imposition of reciprocal discipline.

In its report and recommendation, the Board found that the record supported

---

1. Respondent was admitted by examination to the District of Columbia Bar on December 13, 1982.

2. An indefinite suspension permits respondent to be eligible to apply for reinstatement five years from the effective date of the order. Massachusetts Supreme Judicial Court Rule 4:01, § 18(2)(b).

the imposition of substantially different discipline of disbarment. *See* D.C. Bar R. XI, §§ 11(c)(4), (e). Neither Bar Counsel nor respondent have filed exceptions to the Board Report and Recommendation. Both the Board and this court apply a two-step analysis to determine whether substantially different discipline should be imposed. *See In re DeMaio,* 893 A.2d 583, 587 (D.C.2006) (citing *In re Garner,* 576 A.2d 1356, 1357 (D.C.1990)). In applying the first step, the Board correctly concluded that if intentional misappropriation had occurred here, the punishment would be disbarment, not suspension. *See In re Carlson,* 802 A.2d 341, 348 (D.C.2002) (citing *In re Addams,* 579 A.2d 190, 191 (D.C.1990) (en banc)). Second, the Board determined that there is substantial difference between disbarment and suspension, and while this court has recognized that it is arguable whether an indefinite suspension in Massachusetts is the functional equivalent of a disbarment in this jurisdiction, *see In re Grossman,* 940 A.2d 85, 87 n. 3 (D.C.2007), disbarment is still appropriate since the record affirmatively supports a finding that misappropriation occurred when respondent intentionally converted client funds for his own use. *See id.* at 86–87. Moreover, respondent was afforded due process in Massachusetts.

Where no exceptions are filed, we give great deference to the Board's recommendation. *See* D.C. Bar R. XI § 11(f)(1); *In re Delaney,* 697 A.2d 1212, 1214 (D.C. 1997). Moreover, by failing to file any exceptions, respondent has effectively conceded that the proposed sanction is appropriate. *See In re Goldsborough,* 654 A.2d 1285, 1287–88 (D.C.1995); D.C. Bar R. XI, § 11(f). We hereby adopt the Board's recommendation. Accordingly, it is

ORDERED that Robert P. Hilson be disbarred from the practice of law in the District of Columbia and for purposes of reinstatement, the time period shall begin to run from June 25, 2007, the date respondent filed a D.C. Bar R. XI, § 14(g) affidavit. *See In re Slosberg,* 650 A.2d 1329, 1331–33 (D.C.1994).

*So ordered.*