*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters.  Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 13-BG-18

IN RE  DAVID H. LOOMIS, RESPONDENT.

A Suspended Member of the Bar
Of the District of Columbia Court of Appeals
(Bar Registration No. 394857)
(BDN-468-11)

(Submitted November 26, 2013                    Decided January 9, 2014)

*David H. Loomis*, pro se.

*Wallace E. Shipp, Jr*., Bar Counsel, and *William R. Ross*, Assistant Bar Counsel, filed a statement regarding reciprocal discipline for the Office of Bar Counsel.

Before EASTERLY, *Associate Judge*, and PRYOR and BELSON, *Senior Judges*.

PER CURIAM:  Respondent, David H. Loomis, has been a member of the Bar of the District of Columbia since November 25, 1985.  On October 19, 2011, the Supreme Court of California suspended respondent from practice for two years, but stayed part of the suspension in favor of three years of probation with additional requirements.  The California court's discipline was based on respondent's stipulation to intentional misappropriation of entrusted client funds.  On February 11, 2013, this court temporarily suspended respondent's license to

practice in the District of Columbia, pending reciprocal discipline proceedings in the District. Respondent has not responded to numerous efforts to communicate with him during these proceedings. Consistent with our settled case decisions, we now impose reciprocal discipline of disbarment for professional misconduct of this nature.

## I.

On November 1, 1999, respondent was administratively suspended from the practice of law in the District of Columbia for non-payment of dues and his failure to file required annual registration statements. In October, 2011, respondent was disciplined by the Supreme Court of California, after entering a stipulation admitting that he had intentionally misappropriated entrusted client funds.[1] The California court suspended respondent from practice for two years, but stayed the suspension in favor of three years of probation, with at least one year of active suspension; reinstatement was conditioned upon restitution, and other stated conditions. Later, on September 24, 2012, the California State Bar filed additional disciplinary offenses alleging that respondent had failed to comply with the court's

---

[1] On September 1, 2004, respondent's client, Sequoia Financial Services, ("Sequoia"), terminated representation, with $13,155.56 in respondent's trust account belonging to Sequoia. Despite receiving a letter from Sequoia demanding return of its funds, respondent withdrew the entire amount and has not returned the funds.

initial disciplinary order; a default judgment was entered against respondent for his failure to appear at the proceeding, and he was placed on inactive status.

Respondent failed to report his California discipline to the District of Columbia Bar Counsel, as required by D.C. Bar R. XI, § 11(b). On January 14, 2013, the District of Columbia Court of Appeals received a certified copy of the California disciplinary order from Bar Counsel. On February 11, 2013, this court suspended respondent pending the conclusion of this reciprocal discipline matter, and ordered respondent to show cause why he had not informed Bar Counsel of his California discipline and also failed to comply with the D.C. Bar R. XI, § 14(g) affidavit requirements. Respondent has done neither, despite being provided with repeated notices of this proceeding.[2] *See In re Steinberg*, 953 A.2d 306, 308 n.3 (D.C. 2008) (The Board of Professional Responsibility properly concluded that respondent had been provided sufficient notice of reciprocal discipline proceedings where respondent had an obligation to update his address and at least one notice sent to an address he had provided was not returned as undeliverable.) (citing *In re Powell*, 860 A.2d 836, 837 (D.C. 2004)).

---

[2] Bar Counsel first determined that respondent's addresses of record with the D.C. Bar, last updated in 1998, were no longer accurate. Notice of this proceeding, therefore, was sent to respondent at his current address of record with the California Bar, and the notice has not been returned as undeliverable.

## II.

D.C. Bar Rule XI, § 11 (c) provides in pertinent part:

> Reciprocal discipline shall be imposed unless the attorney demonstrates to the Court, by clear and convincing evidence, that:
> (1) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
> (2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistently with its duty, accept as final the conclusion on that subject; or
> (3) The imposition of the same discipline by the Court would result in grave injustice; or
> (4) The misconduct established warrants substantially different discipline in the District of Columbia; or
> (5) The misconduct elsewhere does not constitute misconduct in the District of Columbia.

This court, in *In re Sibley*, explained the principles governing our review of reciprocal discipline matters:

> D.C. Bar R. XI, § 11(c) establishes a rebuttable presumption in favor of this court's imposition of discipline identical to that imposed by the original disciplining jurisdiction . . . . The presumption applies unless . . . an exception should be made on the basis of one or more of the grounds set out in Rule XI, § 11(c) (1)-(5).

*In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010).

The exception in D.C. Bar Rule XI, § 11 (c) (4) allows for non-identical reciprocal discipline when "[t]he misconduct established warrants substantially different discipline in the District of Columbia." D.C. Bar Rule XI, § 11 (c) (4). This court, in *In re Salo*, recently summarized the two-step inquiry to assess the substantially different discipline exception:

> First, we determine whether the conduct in question would not have resulted in the same punishment in the District of Columbia as it did in the disciplining jurisdiction. *In re Fitzgerald,* 982 A.2d 743, 748 (D.C. 2009) (citations and quotations omitted). Second, if the discipline imposed here would be different from that of the disciplining court, we must decide whether the difference between the two is substantial. *Id.*

*In re Salo*, 48 A.3d 174, 178 (D.C. 2012).

In this jurisdiction, respondent's misconduct could only have resulted in disbarment, which is a substantially different sanction from the stayed suspension imposed by the California court. *See, e.g.*, *In re Grossman*, 940 A.2d 85, 86-87 (D.C. 2007) (The court imposed substantially different discipline, disbarring attorney because misconduct in original jurisdiction constituted misappropriation in D.C.). There is a strong presumption of disbarment in the District of Columbia

for all cases involving intentional misappropriation. *See, e.g.*, *In re Micheel*, 610 A.2d 231, 233 (D.C. 1992); *In re Cooper*, 591 A.2d 1292, 1297 (D.C. 1991). This court, in *In re Addams*, explained, that "in virtually all cases of misappropriation, disbarment will be the only appropriate sanction unless it appears that the misconduct resulted from nothing more than simple negligence." *In re Addams*, 579 A.2d 190, 191 (D.C. 1990) (en banc); *see also In re Hines*, 482 A.2d 378, 386 (D.C. 1984). A lesser sanction than disbarment is "appropriate only in extraordinary circumstances." *Addams*, 579 A.2d at 19.

Here, the California court suspended respondent because he stipulated that he had failed to safeguard his client's funds by making unauthorized withdrawals against the funds at the conclusion of the representation. Although the California court did not describe respondent's conduct as "misappropriation," respondent's actions clearly constitute misappropriation in this jurisdiction. *See*, *e.g.*, *In re Carlson*, 802 A.2d 341, 348 (D.C. 2002) (Misappropriation occurs whenever the balance in the attorney's account falls below the amount due to the client.). Respondent's stipulation stated that his violation was "willful," rather than simple negligence. In light of this court's clear and consistent jurisprudence regarding intentional misappropriation of entrusted funds, we now impose the substantially different discipline of disbarment.

Accordingly, it is ORDERED that respondent shall be, and hereby is, disbarred from the practice of law in the District of Columbia. For reinstatement purposes, respondent's discipline will run from the date respondent files an affidavit in compliance with D.C. Bar R. XI, § 14(g).

*So ordered.*