*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

**No. 18-BG-521**

IN RE FRED W. YOUNG                                   **2017 DDN 343**

An Administratively Suspended Member of
the Bar of the District of Columbia Court of Appeals

**Bar Registration No. 458458**

BEFORE: Glickman and McLeese, Associate Judges, and Nebeker, Senior Judge.

**O R D E R**
(FILED – August 22, 2018)

On consideration of the certified order suspending respondent from the practice of law in the State of Virginia for a period of three years; the June 5, 2018, order of this court directing respondent to show cause why reciprocal discipline should not be imposed; the statement of Disciplinary Counsel requesting that this court disbar respondent as non-identical reciprocal discipline; and it appearing that respondent did not file a response to the court order or the required D.C. Bar R. XI § 14 (g) affidavit, it is

ORDERED that Fred W. Young is hereby disbarred from the practice of law in the District of Columbia. Disciplinary Counsel has established by clear and convincing evidence that the facts stipulated to by respondent in his Virginia disciplinary proceeding constitute intentional misappropriation of entrusted funds. Further, the presumed discipline for intentional misappropriation is disbarment and disbarment is a substantially different discipline than the three-year suspension imposed by the State of Virginia. Therefore, we find that Disciplinary Counsel has met the requirement of D.C. Bar R § 11 (c)(4). *See In re Loomis*, 84 A.3d 515 (D.C. 2014) (imposing disbarment for misappropriation when the State of

California had suspended respondent for two years stayed in favor of a three-year period of probation); *In re Sheridan*, 798 A.2d 516 (D.C. 2002) (imposing disbarment for misappropriation when the State of Maryland indefinitely suspended respondent).    It is

FURTHER ORDERED that for purposes of reinstatement the period of respondent's disbarment will not begin to run until such time as he files a D.C. Bar R. XI, § 14 (g) affidavit.


**PER CURIAM**