## In the Matter of Duncan B. PHILLIPS, Respondent.

## A Member of the Bar of the District of Columbia Court of Appeals.

### No. M–97–81.

District of Columbia Court of Appeals.

Argued Aug. 24, 1982.

Decided Oct. 21, 1982.

---

William Jordan Temple, Washington, D.C., with whom Lawrence Schwartz, Washington, D.C., was on the brief, for respondent.

Fred Grabowsky, Bar Counsel, Washington, D.C., with whom Jackson H. Rose, Asst. Bar Counsel, Washington, D.C., was on the brief, for the Board on Professional Responsibility.

Before KERN, NEBEKER and MACK, Associate Judges.

PER CURIAM:

Respondent challenges a Report and Recommendation in which the Board on Professional Responsibility (1) found that the Secretary of the District of Columbia Bar properly refused to accept his voluntary resignation and (2) recommended his disbarment based on his plea of guilty to an offense involving moral turpitude. He argues that the Board erred in finding that his resignation was properly rejected. We affirm this finding.

On March 11, 1981 respondent pled guilty to one count each of rape and sodomy in the Circuit Court of Fairfax County, Virginia. On the same date, following his plea offer (but before the court accepted and entered the plea), he tendered a letter of resignation at the District of Columbia Bar offices at 1426 H Street, N.W. pursuant to Rule II, § 6 of the Rules of the District of Columbia Court of Appeals Governing the Bar of the District of Columbia.[1]

After receiving respondent's letter the Secretary contacted Bar Counsel. By this time Bar Counsel had begun an investigation on the basis of information concerning respondent's convictions; hence, he informed the Secretary that respondent was not eligible to resign voluntarily. In a letter dated March 26, 1981 the Secretary notified respondent that he could not accept the tendered resignation.

On April 23, 1981, this court ordered respondent suspended from the practice of law in this jurisdiction and referred the matter to the Board on Professional Responsibility for formal proceedings and a determination whether his offenses involved moral turpitude within the meaning of D.C.Code 1981, § 11–2503(a).[2] *See In re Phillips*, D.C.App. (No. M–75–81 *Order of Apr. 23, 1981*). Ultimately, the Board found that respondent was not eligible to resign voluntarily and recommended disbarment because his convictions inherently involved moral turpitude.

In this court, respondent does not challenge the Board's determination that his criminal convictions involved moral turpitude. He argues that, because he was technically in good standing at the time he tendered his resignation to the Bar,[3] he was entitled to resign voluntarily and therefore challenges the Board's finding that his resignation was properly rejected.

---

1. In his brief respondent contends that Bar Counsel *informed him, in response to an oral inquiry he made before submitting this letter,* that he was not the subject of an investigation or pending disciplinary proceeding before the Bar.

2. The order also denied respondent's petition for a writ of mandamus, by which he sought to compel the Bar Secretary to accept his letter of resignation.

3. The Board did not determine whether respondent's resignation, tendered after his guilty plea but before the court accepted the plea, was filed when he was technically in good standing within the meaning of Rule II, § 6.

In this jurisdiction, conviction of a crime involving moral turpitude ultimately results in disbarment which is both mandatory and permanent in all cases except those in which a pardon is granted. *In re Kerr,* D.C.App., 424 A.2d 94 (1980) (en banc); D.C.Code 1981, § 11–2503. Disbarment in the District of Columbia may collaterally affect an attorney's standing in other state bars and prejudice future applications for admission to bar associations in other jurisdictions. *See generally* Annot., 81 A.L.R.3d 1281 (1977). On the other hand, an attorney who resigns voluntarily pursuant to Rule II, § 6, is eligible to petition for reinstatement (*see* Rule II, § 7) and may suffer less severe collateral consequences in other jurisdictions than an attorney who has been disbarred.

Rule II, § 6 of the Rules Governing the Bar of the District of Columbia provides:

> *Voluntary resignation of membership.* Whenever a member of The District of Columbia Bar who is in good standing and not under investigation as provided in Rule XI 7, files with the Secretary of the Bar and with Bar Counsel written notice of such member's election to discontinue the practice of law in the District of Columbia, and to terminate his membership in the Bar, such person shall, upon written notice of the acceptance of such resignation from the Secretary after consultation with Bar Counsel, cease to be a member of The District of Columbia Bar, and his name shall be removed from the membership register.

Another disciplinary proceeding in this jurisdiction, *In re Morgan,* D.C.App. (Nos. S–35–75/D–21–77 Nov. 14, 1977), involved an attempt by an attorney to resign voluntarily under circumstances similar to those in the instant case. After pleading guilty to a felony charge, Morgan submitted a letter of resignation to the Secretary of the Bar (in which he acknowledged his plea) before this court took action to suspend him and before Bar Counsel had begun an investigation into his conduct. The Bar Secretary rejected his resignation. In its Report the Disciplinary Board noted that

> traditionally an attorney cannot moot a disciplinary inquiry by resignation from the Bar, for such a tactic would preserve his or her opportunity to reapply for admission, or apply for admission in another state, on the basis of an unscrutinized professional record—a result contrary to the duty of the Bar and of the Court to deter future misconduct and protect the public. [Findings and Recommendations of the Disciplinary Board, Bar Docket No. 112–74B (Oct. 5, 1976).]

The Board concluded that Morgan lost his "good standing" within the meaning of Rule II, § 6 upon entering his guilty plea to a felony and, therefore, that he was ineligible to resign voluntarily because he tendered his resignation after the plea.

Respondent contends that the Secretary was required to accept his resignation because, unlike Morgan, he was in good standing when he tendered it since his letter was delivered to the Bar offices before the formal entry of his guilty plea. We reject this contention and conclude that the Secretary acted properly in rejecting respondent's resignation letter in light of the language of Rule II, § 6.

At the time the Board decided *In re Morgan,* Rule II, § 6 provided that an attorney in good standing ceased to be a member of the Bar upon *filing* a letter of resignation with the Secretary. In its present form,[4] however, the Rule makes resignation effective only "upon written notice of *acceptance* of such resignation from the Secretary *after consultation* with Bar Counsel" (emphasis supplied). Thus, under the current version of Rule II, § 6 an attorney remains a member of the Bar until the Secretary (1) consults with Bar Counsel concerning his resignation and (2) notifies him that his resignation has been accepted. In the instant case, the Secretary consulted Bar Counsel after receiving respondent's

---

4. Rule II, § 6 was amended following *In re Morgan, supra,* in which the Board encouraged this court to clarify the meaning of the former version of the rule or adopt amendments designed to clarify the conditions under which an attorney is eligible to resign voluntarily.

letter of resignation and learned thereupon that an investigation had commenced based upon his plea and convictions. Thus, respondent was no longer in good standing and the Secretary could not accept his resignation.

Moreover, we find the Board's interpretation of the amended rule and the result in the instant case consistent with "the duty of the Bar and of th[is] Court to deter future misconduct and protect the public." *In re Morgan, supra* at 8. By making voluntary resignation effective only upon acceptance by the Bar Secretary after consultation with Bar Counsel, Rule II, § 6, as amended, does not allow an attorney to avoid imminent disciplinary review by filing a voluntary resignation on the eve of the commencement of an investigation or disciplinary proceeding. The rule served precisely this purpose in the instant case.

 Accordingly, the findings in the Report and Recommendation of the Board on Professional Responsibility are hereby accepted.