*Notice: This opinion is subject to formal revisions before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 15-BG-1402

IN RE DONALD L. MCCLURE, RESPONDENT.

FILED 8/11/16
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

A Member of the Bar of the
District of Columbia Court of Appeals
(Bar Registration No. 955575)

On Report and Recommendation
of the Board on Professional Responsibility
(BDN 151-10)

(Submitted July 15, 2016                          Decided August 11, 2016)

Before THOMPSON, *Associate Judge*, and NEBEKER and REID, *Senior Judges*.

PER CURIAM: The Board on Professional Responsibility has recommended that respondent Donald L. McClure be disbarred for violating District of Columbia Rules of Professional Conduct 1.1 (a) and (b), 1.5 (a), 3.3 (a), 3.4 (c), and 8.4 (c) and (d) during his representation of clients in a medical malpractice case.[1] For the reasons stated below, we accept the recommendation of the Board.

---

[1] Disciplinary Counsel proceeded against both Mr. McClure and his co-counsel in the medical malpractice litigation, Bernard Bettis. However, the Board dismissed the case against Mr. Bettis as moot upon notification of his death in November 2015.

**FACTUAL SUMMARY**

Mr. McClure represented Sharon Marbury, her minor child, and her granddaughter in a medical malpractice case alleging negligence against several health providers in the prenatal care of the minor child as well as in the delivery of the granddaughter; the complaint also alleged that the alleged negligence resulted in extensive and permanent physical and emotional damage to the minor child and the granddaughter.[2] After Disciplinary Counsel filed specification of charges, the designated Ad Hoc Hearing Committee held a two-day evidentiary hearing. Following the hearing, the Ad Hoc Committee made extensive factual findings on each of the charged violations and determined that Mr. McClure violated Rules 1.1 (a) and (b), 1.5 (a), 3.3 (a), 3.4 (c), and 8.4 (c) and (d). Based on its view that Mr. McClure's dishonesty was not "flagrant," the Ad Hoc Committee recommended suspending Mr. McClure for eighteen months with a requirement to prove fitness as a condition of reinstatement. Disciplinary Counsel took exception with respect to the recommended sanction, contending that Mr. McClure should be disbarred due to the totality of his misconduct. The Board agreed with Disciplinary Counsel,

---

[2] The representation began around June 2005 and continued until August 29, 2008.

concluding that "taken as a whole," Mr. McClure's conduct warranted the more severe sanction of disbarment.

Mr. McClure has been a member of the District of Columbia Bar since May 26, 1978. Prior to taking on the medical malpractice case involving Ms. Marbury, her minor daughter, and her granddaughter, Mr. McClure apparently had a successful career, mainly handling medical malpractice cases, but no case involving obstetrics or a minor child who gave birth. His disciplinary history consisted of an informal admonition in 2001 for a violation of Rule 8.4 (d). He does not challenge the substance of the Board's Report and Recommendations, and he lodged no brief in this matter. However, he filed a pleading on July 12, 2016, summarizing his background, and resigning from the District of Columbia Bar, essentially because of his health (repeated hospitalizations related to heart disease and diabetes), age (76), and the death of Mr. Bettis after an extended hospitalization.

## ANALYSIS

D.C. Bar R. XI, § 9 (h)(1) specifies that this court "shall accept the findings of fact made by the Board unless they are unsupported by substantial evidence of

record." *See also In re Rodriguez-Quesada*, 122 A.3d 913, 919 (D.C. 2015) (per curiam). The same rule provides that this court "shall adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." D.C. Bar R. XI, § 9 (h)(1); *see also In re Baber*, 106 A.3d 1072, 1076 (D.C. 2015) (per curiam) (quoting *In re Vohra*, 68 A.3d 766, 771 (D.C. 2013)). The Board's recommended sanction "comes to us with a strong presumption in favor of its imposition. *Baber*, 106 A.3d at 1076. "[I]f the Board's recommended sanction falls within a wide range of acceptable outcomes, it will be adopted and imposed." *Id.*

Here, the Ad Hoc Committee's factual findings as to each rule violation by Mr. McClure, which the Board adopted, are based on substantial record evidence; hence, we accept the findings of fact. Furthermore, the recommended sanction of disbarment is consistent with comparable conduct, as reflected in this court's case law. Similar to Mr. McClure's case, *Baber* involved a single matter (representation in the probate of an estate) in which this court found respondent's "dishonesty was very serious" ("repeated and protracted"), "came at the expense of his client's interests and was in large part driven by a desire for personal gain." *Id.* at 1077. In addition, in *Baber*, as in Mr. McClure's case, respondent "showed no

remorse during the disciplinary process," and there were no "countervailing considerations weighing significantly against disbarment." *Id.*

Mr. McClure's resignation from the District of Columbia Bar does not preclude disbarment. Pursuant to D.C. Bar R. II, § 7, "a member of the District of Columbia Bar who is in good standing and not under investigation as provided in Rule XI § 7" may elect "to discontinue the practice of law in the District of Columbia, and to terminate his or her membership in the Bar."[3] Because Mr. McClure was suspended from the practice of law in the District of Columbia, effective March 24, 2016, pending the final disposition of this case, he is not a member in good standing. Moreover, we have stated previously that an attorney may not "avoid imminent disciplinary review by filing a voluntary resignation on the eve of the commencement of an investigation or disciplinary proceeding." *In re Phillips*, 452 A.2d 345, 348 (D.C. 1982) (per curiam); *see also In re Webster*,

---

[3] D.C. Bar R. XI, § 12 permits an attorney to consent to disbarment if he "is the subject of an investigation or a pending proceeding based on allegations of misconduct." However, the attorney must declare his or her consent to disbarment by submitting an affidavit to the Office of Disciplinary Counsel that states: 1) consent is freely and voluntarily given, 2) the attorney acknowledges any currently pending investigation, the specifics of which must be set forth, 3) the attorney acknowledges that the material facts on which the allegations are predicated are true, and 4) the attorney knows if disciplinary proceedings were brought, the attorney could not successfully defend against them. Mr. McClure has not filed such an affidavit.

6

661 A.2d 144, 145 n.2 (D.C. 1995). Nor may an attorney avoid the Board's recommended sanction by resigning during temporary suspension and prior to this court's decision on the Board's Report and Recommendation.

For the foregoing reasons, Mr. McClure is disbarred from the District of Columbia Bar, effective as of the date of this order. For purposes of reinstatement, the period of respondent's disbarment shall run from the date on which he files the affidavit required by D.C. Bar R. XI, § 14 (g).

*So ordered.*