*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 18-BG-341

IN RE RALEIGH BYNUM II, RESPONDENT.

A Member of the Bar of the District of Columbia Court of Appeals
(Bar Registration No. 503380)

On Report and Recommendation
Of the Board on Professional Responsibility
(BDN 378-14)

(Decided December 13, 2018)

Before BECKWITH and EASTERLY, *Associate Judges*, and FARRELL, *Senior Judge*.

PER CURIAM: In this case, the Board on Professional Responsibility has adopted the Hearing Committee's factual findings that Mr. Bynum violated multiple rules of professional conduct in connection with his representation in South Carolina of (1) three clients (a son and his parents) in two medical malpractice actions and an estate action, and (2) the son in a life insurance matter. The Board disagrees, however, with the Committee's recommended sanction of a three-year suspension with proof of fitness for reinstatement to the Bar. Based on its determination that Mr. Bynum engaged in flagrant dishonesty, the Board

recommends that Mr. Bynum be disbarred. We review and adopt the Board's recommendation.

After a hearing, the Ad Hoc Committee found that Mr. Bynum, who is not a member of the South Carolina bar, agreed to represent in two medical malpractice suits an individual whose wife had died after giving birth to their daughter, and his parents, who were personal representatives of their son's wife's estate. Previous counsel had withdrawn his appearance because he determined that representation of all three clients presented a conflict of interest and had moved to take two previously filed cases off the South Carolina court docket, with the possibility of reinstatement within one year. Mr. Bynum failed to notify the parties either of his unlicensed status or of the conflict of interest. He subsequently failed to ensure that local counsel entered Mr. Bynum's appearance pro hac vice, to verify that appropriate motions to restore the claims to the docket were filed or, once one complaint was restored, to conduct discovery, to identify experts, or to respond to court orders, with the result that both medical malpractice suits were dismissed. Mr. Bynum was intentionally dishonest when he misrepresented (a) to all three clients and the South Carolina Probate Court that the one restored lawsuit was proceeding and intentionally omitted the fact that the other law suit was never restored, and (b) to the son that he had contacted the life insurance company and

then failed to timely return the son's copy of decedent's life insurance policy. Finally, Mr. Bynum repeatedly provided false testimony to the Committee concerning his communication with his clients and the agreement he undertook with local counsel to pursue the medical malpractice cases; and, also before the Committee, falsely blamed local counsel for the dismissal of the complaints and asserted his inaction was due to health problems, when the evidence showed he had litigated a number of other matters during the same time period.

Based on these findings the Ad Hoc Committee and the Board in turn concluded that Mr. Bynum had violated numerous disciplinary rules.[1] The Committee, however, recommended only a three-year suspension with a fitness requirement, whereas the Board has recommended disbarment. The Board specifically takes issue with the Committee's assessment that Mr. Bynum's misconduct did not amount to "flagrant dishonesty" because his "falsehoods do not involve schemes to obtain client or public funds directly or a crime, a feature of many disbarment cases." The Board disagrees that "dishonesty is 'flagrant' only where some sort of financial embezzlement or fraudulent pecuniary gain has

---

[1] The Board found that respondent had violated D.C. R. 1.3 (a), 1.3 (b)(1), 1.3 (c), 1.4 (a) and 1.4 (b) as well as numerous professional rules in South Carolina, including an equivalent 8.4 (d) (dishonesty) violation.

occurred," and cites this court's decisions defining "flagrant dishonesty" as "reflect[ing] a continuing and pervasive indifference to the obligations of honesty in the judicial system"[2] and including dishonesty that is "aggravated or prolonged."[3] The Board notes that Mr. Bynum's dishonest conduct spanned five years, from the outset of his representation of his clients, through the disciplinary hearing in this case, and argues that his dishonesty is exacerbated by his lack of remorse and effort to shift the blame to others, which the Board deems additional hallmarks of flagrant dishonesty.[4]

Neither Mr. Bynum nor Disciplinary Counsel has filed any exceptions to the Board's Report and Recommendation.[5] Under D.C. Bar R. XI, § 9 (h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted

---

[2] *In re Pennington*, 921 A.2d 135, 141 (D.C. 2007) (internal quotation marks and citation omitted).

[3] *In re Omwenga*, 49 A.3d 1235, 1238 (D.C. 2012) (internal quotation marks and citation omitted); *see also In re Howes,* 39 A.3d 1, 16–18 (D.C. 2018) (concluding respondent engaged in flagrant dishonesty where he engaged in a "long and calculated course" of dishonest conduct).

[4] *Cf. In re Vohra*, 68 A.3d 766, 773 (D.C. 2013) (determining that respondent had not engaged in "flagrant dishonesty" where he, inter alia, had taken "full responsibility" for his misconduct.)

[5] Mr. Bynum likewise did not file any exceptions to the Committee Report.

for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). On the undisputed facts, we discern no reason to depart from the Board's recommendation of disbarment, which appears to flow directly from our precedent.[6]

Accordingly, it is

ORDERED that respondent Raleigh Bynum II is hereby disbarred. For purposes of reinstatement, the period of respondent's disbarment will not begin to run until such time as he files a D.C. Bar R. XI, § 14 (g) affidavit.

*So ordered.*

---

[6] *See* notes 4–6 *supra* (citing flagrant dishonesty cases where respondent was disbarred*); see also In re McClure*, 144 A.3d 570, 572 (D.C. 2016) (accepting recommendation that disbarment was warranted based on flagrant dishonesty); *In re Pelkey*, 962 A.2d 268, 281 (D.C. 2008) (acknowledging flagrant dishonesty supports disbarment).