*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 21-BG-778

IN RE EDWARD EMAD MOAWAD

**2017 DDN 337**

A Suspended Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No.  998755**

BEFORE:  Thompson* and Easterly, Associate Judges, and Ferren, Senior Judge.

### O R D E R
(FILED—February 3, 2022)

On consideration of the certified order from the state of Maryland disbarring respondent from the practice of law in that state; the November 18, 2021, order suspending respondent from the practice of law in this jurisdiction and directing him to show cause why reciprocal discipline should not be imposed, respondent's response thereto wherein he states reciprocal discipline should not be imposed; the statement of Disciplinary Counsel regarding reciprocal discipline; respondent's reply thereto; and it appearing that respondent filed his D.C. Bar R. XI, §14(g) affidavit on December 15, 2021,  it is

ORDERED that Edward Emad Moawad is hereby disbarred from the practice of law in the District of Columbia *nunc pro tunc* to December 15, 2021.  Although respondent is correct that the state of Maryland presumptively disbars an attorney for any intentional dishonesty, a presumption this court does not apply, we review

---

* Judge Thompson's term expired on September 4, 2021; however, she will continue to serve as an Associate Judge until her successor is confirmed. *See* D.C. Code § 11-1502 (2012 Repl.).  She was qualified and appointed on October 4, 2021, to perform judicial duties as a Senior Judge and will begin her service as a Senior Judge on a date to be determined after her successor is appointed and qualifies.

the findings of the originating state to determine, without consideration of the Maryland presumption, the range of discipline this court would impose for the misconduct if this were an original action. See D.C. Bar R. XI, §11(c)(4). In doing so we accept the factual findings and aggravating circumstances of the state of Maryland, as described in *Attorney Grievance Commission v. Moawad*, 257 A.3d 611 (Md. 2021), and apply our case law to that misconduct, *see In re Guberman*, 978 A.2d 200 (D.C. 2009).

Although we have limited the sanction of presumptive disbarment to cases involving reckless or intentional misappropriation and the conviction of crimes involving moral turpitude, we have also disbarred counsel in those cases where the underlying facts and aggravating circumstances require such a sanction including when we have determined that the attorney's intentional dishonesty rises to the level of flagrant dishonesty. *See, e.g., In re Bleecker*, 11 A.3d 1224 (D.C. 2011) (disbarring an attorney as reciprocal discipline where the state of Maryland disbarred respondent after it found that in filing a civil complaint he misrepresented the day of the injury to hide his failure to file a complaint within the statute of limitations and that his actions were detrimental to his client and wasted court time). Contrary to respondent's arguments, we have previously held that flagrant dishonesty does not require an associated misappropriation or that the dishonest statement be made either under oath or as part of a court proceeding. *See, e.g., In re Bynum*, 197 A.3d 1072, 1074 (D.C. 2018) (court accepted the Board's findings and conclusion that respondent's multiple violations rose to flagrant dishonesty absent a lack of an attempt to fraudulent obtain client or public funds, where the intentional dishonesty is aggravated or prolonged, continues through the disciplinary process, and where respondent demonstrates no remorse and attempts to shift blame for his misconduct on others). While many prior cases have involved additional misconduct, we look to the totality of the misconduct in determining whether the dishonesty was flagrant and have considered whether the intentional dishonesty was an attempt to hide other misconduct and blame others for his misconduct. *See, e.g., In re Kanu*, 5 A.3d 1 (D.C. 2010) (although other factors were present, the court found flagrant dishonesty where counsel failed to return his fee to clients if their visa applications were not successful, failed to communicate the outcome of the visa proceedings or respond to clients' request for the refund of their fees, and subsequently lied to both his clients and Disciplinary Counsel about his efforts to return the fees, and where numerous aggravating factors were present including the vulnerability of the clients, his failure to return fees, and counsel's failure to take any responsibility for his misconduct); *In re McClure*, 144 A.3d 570 (D.C. 2016) (adopting Board recommendation of

disbarment for protracted dishonesty in a single probate case where he showed no remorse and no mitigating circumstances were present). We have also considered whether during the disciplinary proceedings respondent acknowledged his misconduct, showed remorse, or showed any willingness to pay restitution or return his client's unearned fees. In this case the state of Maryland found that respondent failed to competently represent three vulnerable clients in their immigration cases to the clients' detriment, failed to communicate with his clients to the point of abandonment by failing to respond to their inquiries, and failed to return unearned fees once his clients terminated his representation. Further, once disciplinary proceedings began, respondent failed to cooperate and then submitted multiple false statements and prepared false statements for another to sign. These false statements denied any misconduct, argued that he did not represent the clients, falsely attributed his failure to provide competent representation or effective communication to his clients to another, and falsely claimed his fees were not excessive, he did not owe them any fees and his clients owed him additional unpaid fees. Throughout the Maryland proceedings respondent denied responsibility, showed no remorse, and made no attempts at restitution. Reviewing the full scope of respondent's misconduct, as well as the long list of aggravating factors, irrespective of the presumption applied by the state of Maryland, we conclude that respondent's misconduct constitutes flagrant dishonesty and disbarment is within the range of discipline this court would impose if this were an original matter. Accordingly, respondent has not shown why substantially different discipline would be imposed by this court or why identical discipline should not be imposed.

**PER CURIAM**