*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

## 22-BG-0827

IN RE VALERIANO DIVIACCHI, RESPONDENT.

A Resigned Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 449208)

(Submitted November 21, 2023                    Decided February 1, 2024)

*Valeriano Diviacchi*, pro se.

*Hamilton P. Fox, III*, Disciplinary Counsel, with whom *William R. Ross*, Assistant Disciplinary Counsel, was on the brief, for the Office of Disciplinary Counsel.

*Ayesha N. Khan*, for the District of Columbia Bar Board of Governors.

Before EASTERLY, HOWARD, and SHANKER, *Associate Judges*.

EASTERLY, *Associate Judge*: Valeriano Diviacchi, a former member of the D.C. Bar who resigned in 2015, filed a petition for a writ of mandamus asking this court to order the District of Columbia Bar ("Bar") to hold a hearing on his application for reinstatement or direct the Committee on Admissions to allow him to apply for admission as a new admittee. This court construed Mr. Diviacchi's petition for a writ as a petition for review of the Board of Governors' ("BOG") denial

of his petition for reinstatement. We understand Mr. Diviacchi to make two sets of arguments: (1) the BOG's reliance on disciplinary actions against him by foreign jurisdictions to conclude that he failed to meet the requirements for reinstatement under D.C. Bar Bylaws Art. III, § 4 (which was effective until June 30, 2022) constitutes an improper delegation of this court's final authority over matters of attorney admission and Bar membership, and (2) the BOG's decision to deny him reinstatement, without a hearing, violated his constitutional rights to due process and equal protection. We reject both arguments. But in light of the BOG's acknowledgment in its supplemental briefing that D.C. Bar Bylaws Art. III, § 4 allows the BOG to exercise its discretion to grant reinstatement even when a resigned attorney is unable to state that they have not been suspended for cause, and in the absence of any indication in the record that the BOG either was aware of or exercised such discretion in Mr. Diviacchi's case, we remand this case to the BOG.

## I.      Facts and Procedural History

In 2013 the Massachusetts Office of Bar Counsel commenced disciplinary proceedings against Mr. Diviacchi, who was barred in that jurisdiction. In 2014, the Massachusetts Board of Bar Overseers[1] ("BBO") voted unanimously to recommend

---

[1] The BBO is "an independent administrative body" created by the Massachusetts Supreme Judicial Court to "investigate and evaluate complaints against attorneys." Massachusetts Bar of Board Overseers, https://www.massbbo.org/s/who-we-are-bbo-ogc; https://perma.cc/4ENA-RRVC.

that Mr. Diviacchi receive a twenty-seven month suspension from the practice of law. While that disciplinary matter was pending before the Massachusetts Supreme Judicial Court ("SJC"), Mr. Diviacchi voluntarily resigned from the D.C. Bar in 2015. Subsequently, a single justice of the SJC and then the full court adopted the BBO's recommendation and ordered that Mr. Diviacchi be suspended from the practice of law in Massachusetts for twenty-seven months. Mr. Diviacchi, who was also barred in Maine, was reciprocally suspended in that jurisdiction. Mr. Diviacchi has yet to be readmitted to either the Massachusetts or the Maine Bar.[2]

Upon learning of Mr. Diviacchi's suspension in Massachusetts, the Office of Disciplinary Counsel in the District of Columbia ("ODC") wrote to inform him that it was aware he had been disciplined elsewhere but it could not pursue reciprocal discipline because he had resigned from the D.C. Bar. ODC further informed Mr. Diviacchi that it could reopen its investigation if he were to seek reinstatement in the future and, if he were reinstated, the presumption in favor of identical discipline would apply.

---

[2] Although the twenty-seven-month suspension period has elapsed, the parties agree that Mr. Diviacchi has not been returned to active status in Massachusetts or Maine. Mr. Diviacchi asserts the Massachusetts Bar will not reinstate him until he "admit[s] . . . guilt in the basis of his suspension," which he "continues to refuse to do," and, consequently, the Maine Bar cannot reinstate him.

In August 2019, Mr. Diviacchi submitted a petition for reinstatement to ODC invoking both (1) D.C. Bar Bylaws Art. III, § 4, which at that time set forth the process for reinstatement of an inactive (retired) or resigned member and required the individual to certify that they "ha[ve] not been suspended for cause . . . by any disciplinary authority and that there are no complaints or charges against the member . . . before any disciplinary authority,"[3] and (2) Chapter 9 of the Rules of the Board on Professional Responsibility, which governs "[p]etitions for reinstatement by a disbarred attorney or an attorney suspended for misconduct." Bd. Pro. Resp. R. 9.1. He also enclosed a motion for any reciprocal discipline (seemingly anticipated upon his reinstatement) to be issued nunc pro tunc.

Responding to this petition, ODC informed Mr. Diviacchi that Board Rules Chapter 9 did not apply to his request because, once he resigned, ODC lacked jurisdiction to "investigate or prosecute" him and therefore had never suspended him. ODC informed Mr. Diviacchi that he would have to pursue reinstatement with

---

[3] In 2022, the D.C. Bar revised its Bylaws and promulgated a companion document, the *D.C. Bar Membership Manual*. https://www.dcbar.org/getmedia/531406c3-d1c6-4248-9620-53ba4f92d7dc/D-C-Bar-Membership-Manual-2023; https://perma.cc/Q5KS-TCV2. Section E.7 of the *Manual* provides that any D.C. Bar "member who resigned their membership voluntarily may . . . seek reinstatement . . . upon (a) completion of the required reinstatement form provided on the Bar's website." That form, in turn, requires the attorney to certify, "I am not suspended, temporarily suspended, or disbarred by any disciplinary authority."

the D.C. Bar pursuant to the process for retired attorneys set forth in D.C. Bar Bylaws Art. III, § 4. ODC noted that "the bylaws require disclosure of the Massachusetts suspension and any other discipline that you may have received from other jurisdictions" and that it "appear[ed] that [he had] not been re-instated in Massachusetts." Lastly, ODC advised Mr. Diviacchi that, once he was readmitted to the D.C. Bar, it would reactivate its investigation of him and pursue reciprocal discipline.

Mr. Diviacchi contacted the D.C. Bar in September 2019 and requested reinstatement, which the BOG denied based on his inability to certify that he had not been suspended elsewhere as required by D.C. Bar Bylaws Art. III, § 4. Mr. Diviacchi renewed his request for reinstatement in 2022 and specifically challenged the application of D.C. Bar Bylaws Art. III, § 4 to bar him from reinstatement, arguing that "it is illegal to let Massachusetts and Administrative Bylaws decide who is admitted to the District of Columbia [Bar]." The BOG again reviewed Mr. Diviacchi's request and again denied it in a letter dated June 16, 2022. The BOG concluded that Mr. Diviacchi was "unable to meet" the D.C. Bar Bylaws Art. III, § 4 certification requirement due to his "current disciplinary suspension in Massachusetts and reciprocal discipline in Maine."

Mr. Diviacchi filed a petition for a writ of mandamus on September 20, 2022, asking this court to order the Bar to hold a hearing on his application for

reinstatement or direct the Committee on Admissions to allow him to apply for admission as a new admittee. On October 28, 2022, this court ordered that the petition for a writ of mandamus should be filed as a petition for review of the BOG's decision denying Mr. Diviacchi's request for reinstatement, after which the BOG and ODC filed briefs in opposition, Mr. Diviacchi filed a reply brief, and the case was scheduled for oral argument (although the case was later taken off the argument calendar at Mr. Diviacchi's request). This court subsequently requested supplemental briefing to confirm, inter alia, that this case should be analyzed under D.C. Bar Bylaws Art. III, § 4.

## II.    Analysis

### A. Whether Mr. Diviacchi's petition should be dismissed as untimely

The BOG and ODC challenge the timeliness of Mr. Diviacchi's petition for review under D.C. App. R. 15(a)(2), which provides that a petition for review of an agency order or decision must be filed "within 30 days after notice is given . . . of the order or decision sought to be reviewed." Rule 15 is not applicable here, because the BOG is not a D.C. agency. *See Sitcov v. D.C. Bar*, 885 A.2d 289, 294 (D.C. 2005) (agreeing with petitioner that in requesting review of the BOG's denial of his reinstatement nunc pro tunc, he was not "seeking review of an action by a District of Columbia 'agency'"). Rather, this court has original jurisdiction to review

Mr. Diviacchi's claims, pursuant to its "inherent power . . . over members of the legal profession." *Id.* at 295. Thus,

> [a]lthough there is no statute or rule expressly providing for direct review by this court of a decision of the BOG, . . . this court necessarily has the authority to review a decision by an entity which this court created, when that decision pertains to an issue with respect to which the court is vested with the final authority.

*Id.* In the absence of a statute or rule governing the timeliness of our review of BOG decisions pursuant to this court's original jurisdiction, any assessment of timeliness is subject to our discretion. Neither the BOG nor ODC has asserted they have been prejudiced by Mr. Diviacchi's delay in seeking judicial review or provided any other substantive reason for us to bar review of Mr. Diviacchi's case, so we will exercise our discretion to hear Mr. Diviacchi's petition for review on the merits.

## B. Whether Mr. Diviacchi is entitled to relief

Mr. Diviacchi first challenges the BOG's decision to deny him reinstatement by arguing that because Congress vested in this court the power to determine "the admission and readmission of attorneys to the practice of law in the District," "it is illegal to let Massachusetts and administrative bylaws decide whom is admitted to the District of Columbia Bar." We cannot agree.

As Mr. Diviacchi notes, D.C. Code § 11-2501(a) directs this court to "make such rules as it deems proper respecting the examination, qualification, and admission of persons to membership in its bar, and their censure, suspension, and

expulsion." This court promulgated those rules in 1971, *see Sitcov*, 885 A.2d at 295 & 295 n.8, and those rules not only established the D.C. Bar "as an official arm of the Court," D.C. Bar R. Preamble, but also vested in the BOG the power to promulgate its own bylaws, D.C. Bar. R. IX. Thus, D.C. Bar Bylaws Art. III, § 4 is a proper delegation of this court's authority to regulate "admission to or continued membership in the Bar." *Sitcov*, 885 A.2d at 297. And as our present review of the BOG's decision against Mr. Diviacchi makes clear, these bylaws hardly divest us of our "final authority" on such matters.

Mr. Diviacchi's contention that the BOG, through the certification requirement of D.C. Bar Bylaws Art. III, § 4, lets other states "make admission and reinstatement decisions for this [court]" is likewise without merit. In fact, the Bylaws articulate *our decision* not to reinstate an attorney who is under a cloud of a specific type of discipline—disbarment or suspension—in another jurisdiction until that cloud has cleared. Further, we see no requirement that Mr. Diviacchi "admit to guilt," to end his suspension in Massachusetts, *see supra* n.2; rather he must carry his "burden [to] demonstrat[e] that he . . . has the moral qualifications . . . for admission to practice law in [the] Commonwealth, and that his . . . resumption of the practice of law will not be detrimental to the integrity and standing of the bar, the administration of justice, or to the public interest." S.J.C. Rule 4:01, § 18(5). Deference to the BBO's decision not to restore Mr. Diviacchi's license to practice

law under the circumstances—which should not be confused with delegation—is entirely appropriate. *See In re Velasquez*, 507 A.2d 145, 147 (D.C. 1986) (per curiam) ("[T]here is merit in the idea of granting due deference—for its sake alone—to the opinions and actions of a sister jurisdiction with respect to attorneys over whom we share supervisory authority.").

Mr. Diviacchi also challenges the BOG's decision on constitutional grounds, contending that denying him reinstatement without a hearing, as the BOG did, is a violation of his due process and equal protection rights. We reject both arguments.

Mr. Diviacchi is correct that this court has previously held that "[a]n attorney has a right to procedural due process in a disciplinary procedure," which is "afforded when the disciplinary proceeding provides adequate notice and a meaningful opportunity to be heard." *In re Francis*, 137 A.3d 187, 190 (D.C. 2016) (internal quotation marks omitted). But as a retired attorney, Mr. Diviacchi is not subject to the disciplinary authority of the D.C. Bar or this court and his petition for reinstatement is not related to a disciplinary procedure. Accordingly, he is not entitled to a hearing under *In re Francis* with respect to his petitions for reinstatement. *Cf. In re Choi*, 284 A.3d 80, 80-81 (D.C. 2022) (holding that an attorney who voluntarily resigned from practice in the State of Washington while under disciplinary investigation waived the right to challenge the underlying allegations, both in Washington and in D.C.); *In re Day*, 717 A.2d 883, 887 (D.C.

1998) (holding the same for an attorney who resigned from the Florida Bar amidst disciplinary investigation).

More generally, Mr. Diviacchi was not constitutionally entitled to an evidentiary hearing before the Bar for the simple reason that he has no property interest entitled to due process protections. An attorney with an active license to practice law possesses such a property right. *See Goldberg v. Kelly*, 397 U.S. 254, 262 n.8 (1970). But Mr. Diviacchi voluntarily surrendered his license when he resigned from the D.C. Bar. And despite having no entitlement to a hearing, Mr. Diviacchi was provided with an opportunity to be heard in 2019 and 2022, when he submitted petitions for reinstatement to the Bar, and again when he made his case, through a written petition, to the BOG.

Comparing himself to the respondent attorney in *In re Clinesmith*, 258 A.3d 161 (D.C. 2021), who was reinstated to the D.C. Bar notwithstanding that he was still suspended in Michigan, Mr. Diviacchi also argues that his right to equal protection has been violated because "the DC Bar's unequal treatment of" him is unsupported by any "rational reason." But Mr. Diviacchi fails to appreciate that the respondent attorney in *Clinesmith* was differently situated: he did not voluntarily resign from the D.C. Bar upon the commencement of a disciplinary investigation in another jurisdiction like Mr. Diviacchi; instead, he "self-reported his conviction to

the [Office of] Disciplinary Counsel" and then negotiated reciprocal discipline under D.C. Bar R. XI, § 12.1. 258 A.3d at 161.

Though Mr. Diviacchi "requests the same of the DC Bar as [he] would have received if he had not resigned in 2015," there is a rational reason to treat differently an attorney who seeks reinstatement after voluntarily resigning and an attorney who seeks reinstatement after being subject to suspension or disbarment. We do not want attorneys in the former group to

> moot a disciplinary inquiry by resignation from the Bar, for such a tactic would preserve [their] opportunity to reapply for admission, or apply for admission in another state, on the basis of an unscrutinized professional record—a result contrary to the duty of the Bar and of the Court to deter future misconduct and protect the public.

*In re Phillips*, 452 A.2d 345, 347 (D.C. 1982). Thus, the BOG's denial, without a hearing, of Mr. Diviacchi's petition for reinstatement on the basis of his failure to certify that he has not been suspended by any disciplinary authority does not constitute an equal protection violation. *See In re Dulansey*, 606 A.2d 189, 190 (D.C. 1992) (where attorney does not allege that discipline "involves a suspect class[,] . . . we apply to his claim the traditional rational basis standard of review, under which the challenged classification is presumed to be valid and will be

sustained if [it] . . . is rationally related to a legitimate state interest") (internal quotation marks omitted).[4]

Although we are not persuaded by Mr. Diviacchi's arguments, we cannot disregard the fact that D.C. Bar Bylaws Art. III, § 4 expressly allowed the BOG to exercise discretion to reinstate an attorney who is unable to certify that he "has not been suspended." D.C. Bar Bylaws Art. III, § 4 stated that a resigned attorney "shall be reinstated" upon, inter alia, "submission of a statement that the member has not been suspended for cause," and that "*[i]n all other instances*, reinstatement . . . may be made by the Board of Governors in its discretion and upon such terms and conditions as it deems appropriate." D.C. Bar Bylaws Art. III, § 4, (emphasis added).

The BOG acknowledged the existence of this discretionary authority in its supplemental brief to this court and asserted that it "twice exercised its

---

[4] Even if the timing of Mr. Diviacchi's resignation from the D.C. Bar with respect to his pending discipline matter in Massachusetts at the time was pure happenstance—Mr. Diviacchi has claimed he was simply "disillusioned with the practice of law" and "never intend[ed] to practice law again"—the Bar's policy of requiring what is essentially a "good standing" certification from former Bar members seeking reinstatement without providing a hearing would not violate equal protection guarantees for two reasons. First, as explained above, the Bar does not have jurisdiction over attorneys who have resigned, and second, because the District has a valid interest in choosing not to allocate resources on a procedure that attorneys have relinquished through voluntary resignation.

discretion . . . , first in 2019 and then again on June 14, 2022, both times declining to reinstate Mr. Diviacchi." Our focus is on the BOG's 2022 decision and we fail to see any evidence that the BOG was aware of its authority to exercise discretion, let alone that it actually exercised its discretion as Mr. Diviacchi requested. The letter denying Mr. Diviacchi's request was not even written by the BOG; it was written by the CEO of the Bar.[5] And in that letter, the CEO of the Bar informed Mr. Diviacchi only that the BOG had "reviewed the details of" and "evaluated [his] request," but had determined that he was unable to meet the disciplinary disclosure criterion due to his "current disciplinary suspension in Massachusetts and reciprocal discipline in Maine." The BOG cannot characterize as an exercise of discretion its reliance on Mr. Diviacchi's failure to meet the certification requirement of D.C. Bar Bylaws Art. III, § 4 to deny his reinstatement, when failure to meet any of that section's requirements is precisely what merits the Board's exercise of discretion in the first place. *See, e.g.*, *James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993) ("Perhaps [the] most obvious manifestation" of abuse of discretion "is in a failure or refusal, either express or implicit, actually to exercise discretion, deciding instead as if by general rule."); *Ray v. Robinson*, 640 F.2d 474, 478 (3d Cir. 1981) ("A failure to recognize

---

[5] The CEO of the D.C. Bar is "appointed by and serve[s] at the pleasure of" the BOG, but is not an officer or a member of the BOG. D.C. Bar Bylaws Art. VIII, § 8.01.

the existence of authority to exercise discretion does not amount to its exercise."); *cf. Shelton v. United States*, 26 A.3d 216, 229 (D.C. 2011) (Ruiz, J., concurring) ("It is well established that the failure to exercise discretion because the court does not recognize that it has to make a discretionary call, is itself an abuse of discretion.") (citing *Johnson v. United States*, 398 A.2d 354, 363 (D.C. 1979)).

For the foregoing reasons, we remand this case to the BOG for further consideration consistent with this opinion.

*So ordered*.