*Notice: This order is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 25-BG-0529**

IN RE MARTHA V. KIM,
                    Respondent.
A Suspended Member of the Bar of the
District of Columbia Court of Appeals
**Bar Registration No. 422930**                    **DDN: 2025-D064**

BEFORE:    McLeese and Shanker, Associate Judges, and Ruiz, Senior Judge.

### O R D E R
(FILED – August 28, 2025)

On consideration of the opinion from the Supreme Court of Ohio indefinitely suspending respondent's license to practice law in Ohio; this court's June 9, 2025, order suspending respondent pending this matter's resolution and directing her to show cause why the functionally equivalent discipline of a two-year suspension with a fitness requirement should not be imposed; respondent's response, in which she states she is resigning from the D.C. Bar; the statement of Disciplinary Counsel recommending that functionally equivalent discipline be imposed and that reinstatement in the District be conditioned upon respondent's reinstatement in Ohio; and respondent's D.C. Bar. R. XI, § 14(g) affidavit filed July 23, 2025; and it appearing that respondent has not opposed Disciplinary Counsel's proposed reinstatement condition, it is

ORDERED that Martha V. Kim is hereby suspended for two years from the practice of law in the District of Columbia, nunc pro tunc to July 23, 2025, with reinstatement conditioned upon a showing of fitness and reinstatement in Ohio. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that exceptions to the rebuttable presumption in favor of identical reciprocal discipline should be rare); *see also In re Corry*, 290 A.3d 20 (D.C. 2023) (per curiam) (where the respondent did not object, conditioning his reinstatement upon reinstatement in the originating jurisdiction); *In re Zdravkovich*, 831 A.2d 964, 970 (D.C. 2003) (explaining that when the original jurisdiction imposes an indefinite suspension with the right to apply for reinstatement after a minimum period of time, it is "the functional

equivalent of a suspension for the length of time before the right to reapply is allowed" plus a fitness requirement). Respondent does not establish an exception prohibiting the imposition of functionally equivalent reciprocal discipline. *See* D.C. Bar R. XI, § 11(c). The Ohio disciplinary order identified the individual being disciplined as "Martha V. Yeager (a.k.a. Martha V. Kim)," and respondent does not dispute that Yeager was her maiden name. Respondent's claim that she was unaware of the Ohio proceedings until 2024 is demonstrably false where she participated in the 2015 Massachusetts reciprocal disciplinary matter that imposed reciprocal discipline based on the Ohio order. She does not establish a lack of notice of the Ohio proceedings where notice was sent to the address listed on her attorney registration as well as two other last known addresses. Respondent does not otherwise describe how the Ohio disciplinary process denied her due process. She also does not identify what procedures were not followed and, in any event, this court's "responsibility in reciprocal discipline matters is not to sit in appellate review of the foreign disciplinary proceedings, in order to determine whether they conformed in every respect to local procedural and substantive law." *In re Morrissey*, 648 A.2d 185, 190 (D.C. 1994) (per curiam). Further, respondent "is not entitled to relitigate or collaterally attack the findings or judgment" of the Ohio proceeding. *Zdravkovich*, 831 A.2d at 969. Finally, respondent may not escape discipline "by resigning during temporary suspension and prior to this court's decision." *In re McClure*, 144 A.3d 570, 573 (D.C. 2016) (per curiam).

**PER CURIAM**