**In re Robert D. POWELL, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 02–BG–701.**

District of Columbia Court of Appeals.

Submitted Oct. 7, 2004.

Decided Oct. 21, 2004.

---

8. See Board's Attachment B, items A & B. These circulators gathered a total of 996 (358 + 218 + 420) signatures.

Before WAGNER, Chief Judge,
FARRELL, Associate Judge, and
NEWMAN, Senior Judge.

PER CURIAM:

In a 1993 reciprocal discipline proceeding for the negligent misappropriation of client funds in Maryland, we suspended the respondent, Robert D. Powell, from the practice of law in the District of Columbia for six months with a fitness requirement. *See In re Powell,* 646 A.2d 340 (D.C.1994). During the pendency of that proceeding, respondent was also administratively suspended from practicing in this jurisdiction for non-payment of dues. Respondent has neither been reinstated from the administrative suspension, nor sought reinstatement from the reciprocal suspension.

On June 13, 2002, respondent was disbarred by the Maryland Court of Appeals for commingling, dishonesty, conduct prejudicial to the administration of justice, false representation of material facts, and failing to make timely response to demands for information from Maryland Bar Counsel.[1] *See Attorney Grievance Comm'n v. Powell,* 369 Md. 462, 800 A.2d 782 (2002).

■ Respondent's disbarment was reported to this court, and on July 9, 2002, we extended his suspension pursuant to D.C. Bar R. XI, § 11(d) and referred the matter to the Board on Professional Responsibility ("Board"). The Board now recommends the respondent be disbarred as reciprocal discipline, and that for the purposes of reinstatement the period of disbarment should run from the time respondent files the affidavit required by D.C. Bar R. XI, § 14(g). Bar Counsel has informed the court that she takes no exception to the Board's report and recommendation. Respondent did not participate in the proceedings before the Board and has not filed any exceptions to the Board's recommendation. Respondent's current address is unknown, and attempts to contact him at any previous address have proved unsuccessful. Given the Board's numerous attempts to contact respondent, and his failure to inform the bar of his new address as required by D.C.Bar. R. II, § 2(1), we conclude that respondent had sufficient notice of this proceeding for the purposes of imposing reciprocal discipline.

■ Because of the rebuttable presumption favoring identical reciprocal discipline,

---

1. Respondent's actions violated Rules 1.15(a), 8.1(a), 8.1(b), and 8.4(d) of the Maryland Rules of Professional Conduct and Maryland Court Rule 16–607.

see *In re Goldsborough*, 654 A.2d 1285 (D.C.1995); D.C. Bar R. XI, § 11(f), the lack of anything in the record to indicate that reciprocal discipline is inappropriate, *see* D.C. Bar R. XI, § 11(c), and our heightened deference to the Board when its recommendation is unopposed, *see id.* at § 11(f), we adopt the Board's recommendation. Accordingly, it is

ORDERED that Robert D. Powell is disbarred from the practice of law in the District of Columbia. We note that respondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g); thus we direct respondent's attention to the requirements of that rule and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*