**In re Patrick J. BLACKBURN,**
**Respondent.**

**A Member of the Bar of the District**
**of Columbia Court of Appeals.**

**No. 04–BG–788.**

District of Columbia Court of Appeals.

Submitted June 16, 2006.

Decided July 6, 2006.

Before KRAMER and FISHER, Associate Judges, and SCHWELB, Senior Judge.*

PER CURIAM:

On April 8, 2003, respondent Patrick J. Blackburn, a member of our Bar, was disbarred in Alaska by the Supreme Court of that state.[1] Blackburn had notice of the proceeding in Alaska, but elected not to participate. Blackburn also failed to report his disbarment to disciplinary authorities in this jurisdiction.

Reciprocal disciplinary proceedings have been instituted against Blackburn in the District of Columbia. However, efforts by Bar Counsel and by the Executive Attorney of the Board on Professional Responsibility (Board) to contact Blackburn at the primary and secondary addresses on file with the District of Columbia Bar have been unsuccessful. "Given the Board's numerous attempts to contact respondent, and his failure to inform the bar of his new address as required by D.C. Bar R. II, § 2(1), we conclude that respondent had sufficient notice of this proceeding for the purposes of imposing reciprocal discipline." *In re Powell,* 860 A.2d 836, 837 (D.C.2004) (per curiam).

On February 21, 2006, the Board issued a Report and Recommendation in which it proposed that identical reciprocal discipline of disbarment be imposed on Blackburn in conformity with D.C. Bar R. XI, § 11(c). Blackburn has not excepted to the Board's recommendation. Under these circumstances, the imposition of identical reciprocal discipline "should be close to automatic, with minimum review by both the Board and this court." *In re Cole,* 809 A.2d 1226, 1227 n. 3 (D.C.2002) (per curiam); *see In re Goldsborough,* 654 A.2d 1285, 1288 (D.C.1995). We conclude that disbarment is indeed appropriate, and we therefore adopt the Board's recommendation. Accordingly, Patrick J. Blackburn

---

\* Judge Schwelb was an Associate Judge of the court at the time the case was submitted. His status changed to Senior Judge on June 24, 2006.

1. In Alaska, Blackburn was charged in a petition with, *inter alia,* multiple acts of neglect, dishonesty, and improper handling of client funds. Under Alaska law, Blackburn's failure to respond to the charges or to participate in the proceedings had the effect of admitting the allegations against him.

is hereby disbarred from the practice of law in the District of Columbia.

*So ordered.*[2]

2. Blackburn's disbarment is effective immediately, but for purposes of reinstatement, it shall begin to run upon the filing of the affidavit required by D.C. Bar R. XI, § 14(g). We direct Blackburn's attention to the provisions of that rule and of D.C. Bar R. XI, § 16(c).