**In re Hillard J. QUINT, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 427926).**

**No. 07–BG–100.**

District of Columbia Court of Appeals.

Submitted March 4, 2008.

Decided March 20, 2008.

Before FARRELL, Associate Judge, and PRYOR and BELSON, Senior Judges.

PER CURIAM:

On November 17, 1997, the Supreme Court of Georgia accepted the voluntary surrender by respondent, Hillard J. Quint, of his law license, which both the court and respondent acknowledged was tantamount to disbarment. The Georgia high court found that disbarment was the appropriate sanction given respondent's serious misrepresentations and misappropriations of client funds in two cases.

The respondent is also a member of the Bar of this court but has been administratively suspended for nonpayment of his Bar dues since 2006. While he did not report his disbarment as required by the rules of this court, Bar Counsel discovered it during his investigation of an unrelated matter and reported it to this court on February 28, 2007. We suspended respondent pursuant to D.C. Bar R. XI, § 11(d) and referred the matter to the Board on Professional Responsibility ("Board"). The Board now recommends the respondent be disbarred as identical reciprocal discipline. Bar Counsel has informed the court that he takes no exception to the Board's report and recommendation. Respondent has not filed a response or otherwise participated in this reciprocal discipline proceeding.[1]

There is a rebuttable presumption favoring the nearly automatic imposition of identical reciprocal discipline in this jurisdiction. D.C. Bar R. XI, § 11(f). In light of that presumption, the lack of anything in the record to indicate that reciprocal discipline is inappropriate, *id.* § 11(c), and the lack of any exception by the parties, we accept the Board's recommendation. We note further, as we often have in the past, that the conduct underlying this dis-

---

1. In light of Bar Counsel's numerous unsuccessful attempts to contact respondent, and his failure to inform the Bar of any changes to his address, *see* D.C. Bar R. II, § 2(a), "we conclude that [he] had sufficient notice of this proceeding for the purposes of imposing reciprocal discipline." *In re Powell,* 860 A.2d 836, 837 (D.C.2004).

cipline is among the most serious of infractions a member of this Bar may commit.[2] Accordingly, it is

ORDERED that Hillard J. Quint is disbarred from the practice of law in the District of Columbia, and his name shall be stricken from the roll of attorneys authorized to practice before this court. For the purposes of reinstatement, respondent's disbarment will run from the date that he files an affidavit which conforms to the requirements of D.C. Bar R. XI, § 14(g).

*So ordered.*

---

2. *See In re Addams,* 579 A.2d 190, 191, 194 (D.C.1990) (en banc) (Disbarment is the only appropriate action in nearly all cases of misappropriation, as "there is nothing clearer to the public ... than stealing a client's money and nothing worse.") (Citations omitted.); *accord In re Devaney,* 870 A.2d 53 (D.C.2005).