### In re Fritz H. SCHNEIDER, Respondent.

### A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 391941).

#### No. 07–BG–885.

District of Columbia Court of Appeals.

Submitted June 30, 2008.
Decided July 3, 2008.

---

7. Although trial here was to the court and not (as in *Ellis* ) to a jury, nothing in the judge's findings suggests that he "relied solely on the in-court identification[ ] and [was] not influenced by the testimony regarding the show-up identification," a supposition that "flies in the face of common sense." *Ellis,* 941 A.2d at 1049.

Before WASHINGTON, Chief Judge, and REID and FISHER, Associate Judges.

PER CURIAM:

This reciprocal disciplinary matter follows respondent Fritz H. Schneider's disbarment by consent in the State of Maryland. On June 19, 2007, the Court of Appeals of Maryland disbarred respondent[1] after he stipulated to violating Maryland Rules of Professional Conduct 1.2 (scope of representation); 1.3 (diligence); 1.4 (communication); 1.7(a)(2) (conflict of interest); 1.16(a)(1) (declining or terminating representation); 8.4(b) (criminal act reflecting adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects); 8.4(c) (dishonesty, fraud, deceit or misrepresentation); and 8.4(d) (conduct prejudicial to the administration of justice). These violations stemmed from respondent's failure to file a timely complaint on behalf of his client and his attempts to conceal that neglect by misrepresenting that the case had settled and paying the client out of his personal funds.

When Bar Counsel discovered, and notified this court of, respondent's disbarment, we issued an order suspending respondent on an interim basis pursuant to D.C. Bar R. XI, § 11(d).[2] The Board on Professional Responsibility ("Board") has now recommended that identical reciprocal discipline of disbarment be imposed. Bar Counsel has informed the court that he takes no exception to the Board's report and recommendation; respondent has not filed any exceptions of his own.

Because of the rebuttable presumption favoring identical reciprocal discipline, *see In re Goldsborough,* 654 A.2d 1285, 1287 (D.C.1995), and the heightened deference this court gives to the Board's recommendation in cases such as this where no exceptions have been filed, *see In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997), we adopt the Board's recommendation. *See, e.g., In re Blum,* 859 A.2d 633 (D.C. 2004) (imposing reciprocal discipline of disbarment for failing to return funds to a former client in a timely fashion and falsifying evidence to cover up that fact). Accordingly, it is

ORDERED that Fritz H. Schneider is hereby disbarred from the practice of law in the District of Columbia. For the purposes of seeking reinstatement, the disbarment shall be deemed to run from the date that respondent files an affidavit in compliance with D.C. Bar R. XI, § 14(g). *See In*

1. *Attorney Grievance Comm'n of Maryland v. Schneider,* 399 Md. 679, 926 A.2d 198 (2007).

2. Respondent was admitted to the Bar of this court in 1985, but he was administratively suspended on December 31, 2001, for failure to pay dues "and for failure to satisfy the Bar's annual reporting requirements."

*re Slosberg,* 650 A.2d 1329, 1331 (D.C. 1994).

 *So ordered.*