**In re Andrew M. STEINBERG, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 350983).**

**No. 06–BG–1393.**

District of Columbia Court of Appeals.

Submitted June 27, 2008.
Decided July 17, 2008.

Before RUIZ, GLICKMAN and THOMPSON, Associate Judges.

PER CURIAM:

This reciprocal disciplinary matter stems from the disbarment of respondent, Andrew M. Steinberg, by the Court of Appeals of Maryland on November 6, 2006.

That court found that respondent committed serious and protracted acts of neglect and was dishonest with clients, opposing counsel, and tribunals, in violation of a number of the Maryland Rules of Professional Conduct, during his representation of two clients in separate probate and bankruptcy matters.[1]

Respondent failed to notify Bar Counsel of his disbarment in Maryland as required by D.C. Bar R. XI, § 11(b). Upon discovering it, Bar Counsel filed a certified copy of the Maryland disbarment order with this court, and we issued an order suspending respondent on an interim basis pursuant to D.C. Bar R. XI, § 11(d).[2] We also directed the Board on Professional Responsibility to recommend whether identical, greater, or lesser discipline should be imposed as reciprocal discipline or whether it would proceed *de novo*. *See* D.C. Bar R. XI, § 11. Respondent did not respond to notices or appear to contest the imposition of reciprocal discipline or otherwise participate in this proceeding.[3] The

---

1. *See Attorney Grievance Commission v. Andrew M. Steinberg*, 395 Md. 337, 910 A.2d 429 (2006). The court found that respondent violated Rules 1.1 (competence); 1.2(a) (scope of representation); 1.3 (diligence and promptness); 1.4(a) (compliance with a client's reasonable requests for information and communication with a client); 1.5(a) (unreasonable fee); 1.5(c) (failure to place contingency fee agreement in writing); 1.8 (prohibition against entering agreement with client that limits lawyer's liability for professional negligence unless the client is represented independently); 1.16(a)(1) (duty to withdraw upon discharge); 3.2 (reasonable efforts to expedite litigation consistent with the interest of the client); 3.3(a) (candor towards a tribunal); 3.4(c) (knowingly disobeying obligation under the rules of a tribunal); 3.4(d) (failure to make reasonable diligent effort to comply with a legally proper discovery request); 4.1 (false statements of material fact to third persons); 8.1 (failure to respond to requests of Bar Counsel); 8.4(b) (criminal act reflecting adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer); 8.4(c) (dishonesty, fraud, deceit or misrepresentation); and 8.4(d) (conduct prejudicial to the administration of justice).

2. Respondent has been suspended from the practice of law in the District of Columbia since 2004 due to his failure to comply with the fitness requirement imposed as a condition of reinstatement in *In re Steinberg*, 864 A.2d 120 (D.C.2004) (30–day suspension with fitness requirement for failure to respond to Bar Counsel's inquiries and an order of the Board, and failure to file affidavit required by D.C. Bar R. XI, § 14(g)) and in *In re Steinberg*, 878 A.2d 496 (D.C.2005) (60–day suspension consecutive to prior 30–day suspension for neglect and failure to provide competent representation).

3. Notice of the proceeding was mailed to the primary and secondary addresses on record with the District of Columbia Bar, but they were returned as undeliverable. A notice mailed to an address provided by Bar Counsel

Board recommends that identical reciprocal discipline be imposed. Bar Counsel supports that recommendation, and respondent has not filed any exceptions.

 There is a rebuttable presumption favoring identical reciprocal discipline, *see In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992), and we accord heightened deference to such a recommendation in cases such as this where no exceptions are filed, *see In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). We adopt the Board's recommendation. Respondent's misconduct in Marylan constitutes misconduct in the District of Columbia under our identical (or substantially identical) Rules of Professional Conduct, and the sanction of disbarment is not inconsistent with the discipline this court has imposed for similar ethical violations. *See, e.g., In re Foster,* 699 A.2d 1110 (D.C.1997). Accordingly, it is

ORDERED that Andrew M. Steinberg is hereby disbarred from the practice of law in the District of Columbia. We further note that respondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g). For the purposes of reinstatement, the disbarment shall be deemed to run from the date that respondent files an affidavit in compliance with D.C. Bar R. XI, § 14(g). *See In re Slosberg,* 650 A.2d 1329, 1331 (D.C.1994).

*So Ordered.*

was not returned. Given also that District of Columbia attorneys are obligated to notify the Secretary of the Bar of any change of address within 30 days of such change, D.C. Bar R. II, § 2(1), the Board properly concluded that respondent has been provided "sufficient notice of this proceeding for the purposes of imposing reciprocal discipline." *In re Powell,* 860 A.2d 836, 837 (D.C.2004).