**In re Lorin BLEECKER, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 96685) (BDN197–10).**

**No. 10–BG–667.**

District of Columbia Court of Appeals.

Submitted Dec. 1, 2010.
Decided Jan. 20, 2011.

---

Before FISHER and BLACKBURNE-RIGSBY, Associate Judges, and NEBEKER, Senior Judge.

**PER CURIAM:**

On May 12, 2010, the Court of Appeals of Maryland disbarred respondent Lorin Bleecker, Esquire. *Attorney Grievance Comm'n v. Bleecker*, 414 Md. 147, 994 A.2d 928 (2010). Thereafter, on June 21, 2010, this court issued an order suspending respondent pending further action by the court, and directed him to show cause why identical reciprocal discipline should not be imposed. In his response, respondent con-

tends that the Maryland court applied a presumption to disbar that is not applicable in our case law, and as a result, the established misconduct warrants lesser discipline in the District of Columbia. *See* D.C. Bar R. XI, § 11(c)(4).[1] The District of Columbia Bar Counsel maintains that the established misconduct, considered on its facts without regard to any presumption, "can clearly result in disbarment in this jurisdiction." Moreover, Bar Counsel argues that it is not evident that the Maryland court even applied its presumption, noting that the court arrived at its decision to disbar after carefully reviewing each instance of misconduct. We agree with Bar Counsel and order that Lorin Bleecker, Esquire, be disbarred from the practice of law in the District of Columbia.

We refer the reader to *Attorney Grievance Comm'n v. Bleecker, supra,* for a detailed account of respondent's misconduct. In brief, the Maryland court established that the respondent committed grave and serious misconduct including, but not limited to,[2] failing to correct a prior false statement (the date of the accident) to the Maryland Circuit Court causing extensive waste of judicial time and resources; failing to respond to Bar Counsel's written requests for information during Counsel's investigation of the complaint lodged against him; and by precluding his client from acquiring recompense from severe injuries sustained in an automobile accident by failing to file suit

---

1. The pertinent section of the rule is as follows:

> Standards for reciprocal discipline. Reciprocal discipline may be imposed whenever an attorney has been disbarred, ... by another disciplining court.... Reciprocal discipline shall be imposed unless the attorney demonstrates, by clear and convincing evidence, that: ... (4) The misconduct established warrants substantially different discipline in the District of Columbia....

2. The Maryland court established that respondent violated Maryland Rules of Professional Conduct 1.1 (Competence); 1.3 (Diligence); 1.4(a) and (b) (Representation); 1.16(a) (Declining or Terminating Representation); 3.3(a)(1) (Candor toward tribunal); 8.1(b) (Bar Admission and Disciplinary Matters); and 8.4(a), (c), (d) (Misconduct).

before the statute of limitations lapsed, and thereafter, concealing his failures from his client. After the Statute of Limitations had lapsed, and without his client's knowledge or consent, respondent filed a complaint averring an incorrect accident date and sent a demand letter indicating a settlement sum. After his client learned from a third party that her case had been dismissed, respondent failed to advise his client to seek advice of independent counsel regarding potential claims against him. The gravamen of respondent's extensive misconduct, his failure to file suit within the Statute of Limitations, his failure to correct a false statement to a tribunal, and his failure to respond to Maryland Bar Counsel's investigatory efforts, warrants the severest of sanctions available in this jurisdiction for the protection of the public: disbarment. *See, e.g., In re Steinberg,* 953 A.2d 306, 307 (D.C.2008) (per curiam) (disbarring attorney where attorney "committed serious and protracted acts of neglect and was dishonest with clients, opposing counsel, and tribunals"); *In re Foster,* 699 A.2d 1110 (D.C.1997) (per curiam) (disbarring attorney for neglect and dishonesty); *In re Goffe,* 641 A.2d 458 (D.C.1994) (per curiam) (disbarring attorney for misconduct involving dishonesty and the manufacture of documents submitted to tribunal); *In re Schneider,* 951 A.2d 798, 799 (D.C.2008) (per curiam) (disbarring attorney in reciprocal disbarment in Maryland for failure to file timely complaint, attempts to con-

ceal neglect and by paying client with his personal funds).[3]

Respondent's misconduct, considered in its totality without regard to a presumption to disbar, warrants substantially similar sanctions in this jurisdiction as that imposed by the state of Maryland.[4] Respondent has not demonstrated elsewise by clear and convincing evidence. Accordingly, since respondent has not shown why reciprocal discipline should not be imposed, it is

ORDERED that Lorin Bleecker, Esquire, is hereby disbarred from the practice of law in the District of Columbia.

*So ordered.*

---

**3.** Respondent's reliance on *In re Outlaw,* 917 A.2d 684 (D.C.2007), *In re Pennington,* 921 A.2d 135 (D.C.2007), and *In re Guberman,* 978 A.2d 200 (D.C.2009) is misplaced because in this case, the respondent's misconduct includes dishonesty to the court and a failure to respond to Bar Counsel's request for information. In any event, disbarment is warranted on the facts of this case. *See also In re Goffe,* 641 A.2d at 461 ("prior precedent does not

limit possible sanctions in attorney dishonesty cases").

**4.** Appellant's reliance on our holdings in which this court has applied a presumption to disbar attorneys who intentionally misappropriate funds is misplaced. Our holdings do not preclude the court from disbarring attorneys for other types of misconduct.