**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DAVID SEYMOUR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAREN DEVINE | : | |
| | : | |
| Appellant | : | No. 542 WDA 2021 |

Appeal from the Decree Entered April 2, 2021
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  Case No. FD-18-002729-017

BEFORE:   OLSON, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED: MARCH 11, 2022**

Appellant, Karen Devine (hereinafter "Wife"), appeals from the decree entered on April 2, 2021.  We affirm.

The trial court ably summarized the underlying facts and procedural posture of this case:

> Litigation commenced in this case in January 2018 when Wife filed a Complaint for Spousal Support and [David Seymour (hereinafter "Husband")] filed a single-count Complaint in Divorce. On January 22, 2018, Jay B. Kranich, Esquire, entered his Praecipe for Appearance on behalf of Wife. On February 1, 2018, Husband's counsel filed an Acceptance of Service of the Complaint in Divorce signed by Attorney Kranich on behalf of Wife. On May 25, 2018, Husband's counsel filed Proof of Service that the Affidavit under Section 3301(d) had been served on Attorney Kranich on behalf of Wife.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On or about June 6, 2018, Wife submitted a Protection from Abuse (PFA) Petition and Temporary Order in which she alleged that a worker had informed her that Husband, who had been living in North Carolina, was coming to her house without her authorization. She also alleged that for several months she had been receiving threatening text messages and that her phone, AOL, and Facebook accounts had been hacked. An order granting temporary protection was entered on June 6, 2018, and scheduled a final hearing on the matter for June 21, 2018.

Shortly thereafter, Husband presented a Motion for Special Relief: To Dismiss and Expunge Frivolous Action and Award Sanctions. In his Motion, Husband objected to the entry of the temporary PFA order on the grounds that Wife had failed to establish a *prima facie* case of abuse. In addition, Husband informed the [trial court] that on the day the alleged "abuse" was to have occurred, June 5, 2018, that Wife had actually emailed him that she was upset that he had not responded to her phone calls while also informing him that he was not to be on her property and that she would obtain an emergency order if need be. By Order of Court dated June 15, 2018, [the trial court] denied and/or deferred Husband's requested relief.

On June 19, 2018, Wife, through counsel, filed a Petition Raising Claims. Two days later, the PFA matter was resolved when the parties entered into a Consent Agreement and Order for Expiration of Temporary PFA Order.

A few months later, on August 8, 2018, Husband served Wife, through her counsel, with a Motion to Compel Discovery and Other Relief. In his Motion, Husband alleged that a complex hearing to address Wife's support claim was scheduled for August 21, 2018, and that in the meantime, under an Interim Consent Order dated March 6, 2018, he was obligated to continue paying her expenses including, but not limited to, gas, electricity, water/sewage, mortgage, car payment, and car insurance. However, Husband averred that Wife had failed to respond to his discovery requests that were served on her counsel on June 20, 2018. Husband averred that he was unable to prepare for the complex hearing or submit a Pretrial Statement without the information requested from Wife, and, as such, argued the hearing needed to be

rescheduled and that Wife should have to pay him $750 in counsel fees. By Order of Court dated August 15, 2018, the parties, through counsel, consented to Husband's proposed order, which, *inter alia*, obligated Wife to provide discovery responses in ten days from the date of the order and rescheduled the complex hearing to November 29, 2018.

On September 17, 2018, Husband served Wife, through her counsel, with another Motion to Compel Discovery and Petition for Sanctions in which he, again, averred that Wife had failed to respond to his discovery requests that were now two months deficient. Husband argued he was prejudiced by Wife's continued delay to comply with his discovery requests and, again, requested $750 in counsel fees. By Order of Court dated September 24, 2018, [the trial court] ordered Wife to produce discovery responses in twenty days and deferred the issue of counsel fees to equitable distribution.

On November 26, 2018, Husband served Wife, through her counsel, with a Petition for Special Relief: Dismissal of Support Complaint and Complex Hearing, in which he argued that Wife still had not provided him with any discovery responses after four months and despite numerous extensions of time. Husband argued Wife was acting in bad faith by continually agreeing to extensions of time to produce discovery responses and then blatantly disregarding the same, all while he was obligated to continue paying her household expenses. As a result, Husband requested dismissal of Wife's support claim, cancellation of the complex hearing, and an award of $2,250 in counsel fees. By Order of Court dated November 19, 2018, [the trial court] granted Husband's Petition.

On January 28, 2019, Husband served Wife, through her counsel, with a Petition for Special Relief: Enforcement of Orders of Court and/or Dismissal of Economic Claims. In his Petition, Husband averred that he had never been served with Wife's Petition Raising Claims previously filed on June 19, 2018, and that only upon a routine docket check in December 2018 did he discover it. Husband argued that despite her Petition Raising Claims, Wife had never filed an Inventory nor, in the span of six months and two orders to compel compliance, provided any discovery responses. Husband requested the Court set firm deadlines by which

Wife must comply or risk dismissal of all of her claims. By Order of Court dated January 28, 2019, [the trial court] denied Husband's Petition.

On March 25, 2019, Wife, through counsel, presented a Petition for Civil Contempt/Petition for Special Relief. In her Petition, Wife alleged that despite the March 6, 2018 Interim Consent Order, Husband stopped making payments for her gas, electricity, and water/sewage, and that he had unilaterally closed the respective accounts. Wife alleged that she was fearful that Husband would also stop paying the mortgage and requested [the trial court] enforce the March 6, 2018 Interim Consent Order.

Husband submitted a Response to Petition for Civil Contempt/Petition for Special Relief, in which he argued that he was no longer obligated to pay for Wife's expenses because such expenses were in lieu of spousal support and/or APL and that Wife's support claims had already been dismissed with prejudice. Husband requested that Wife's Petition be denied and that he be awarded another $1,000 in counsel fees. By Order of Court dated March 25, 2019, [the trial court] denied Wife's request that Husband resume paying her expenses and deferred the issue to a contempt hearing to be held on July 8, 2019.

On June 17, 2019, Husband served on Wife, through her counsel, with a Petition for Enforcement and Other Special Relief. In his Petition, Husband alleged that Wife had failed to file her Inventory, as required under the Rules of Civil Procedure and pursuant to the May 14, 2019 Order of Court directing her to do so within twenty days. Husband argued that he was unable to proceed with equitable distribution until Wife complied. Husband also argued that Wife was willfully non-compliant with the previous orders granting his counsel fees totaling $2,250. Husband requested that Wife be ordered to file her Inventory and that his claim for contempt be consolidated with the July 8, 2019 proceeding. By Order of Court dated June 17, 2019, [the trial court] granted Husband's Petition.

On June 26, 2019, Wife, through counsel, filed her Inventory and Appraisement. On July 9, 2019, the parties, through counsel, entered into a Consent Order of Court under which

the parties agreed to split Wife's expenses and Husband's claim for counsel fees was deferred to equitable distribution.

By Consent Order of Court dated September 25, 2019, the parties, through counsel, agreed to attend a three-hour conciliation with the Master, which was scheduled to occur, via separate Court Order, on December 19, 2019. On October 15, 2019, Thomas J. Vail, Esquire, entered his Praecipe for Appearance on behalf of Wife.

On November 4, 2019, Husband served Wife, through her counsel, with a Petition to Compel Discovery, Contempt and Other Relief. In his Petition, Husband alleged that he had served discovery requests on Wife on September 21, 2019, but that she had failed to provide any responses thereto. Husband reminded the Court that this was not the first time Wife had failed to comply with discovery requests or motions to compel. Husband argued he was forced to incur more legal expenses as a result of her lack of compliance, so he requested that Wife be ordered to produce discovery responses in ten days and pay $900 in counsel fees. By Order of Court dated November 4, 2019, [the trial court] ordered Wife to produce discovery responses in ten days and deferred the rest of the issues to the Master's conciliation.

On December 30, 2019, Husband served [Wife], through her counsel, with a Petition for Special Relief: Dismissal of Economic Claims or Alternative Motion in Limine. In his Petition, Husband alleged that after agreeing to cancel the Master's conciliation because of [Wife's] two counsels' unavailability for the same, and to schedule a trial instead, and after presenting his Petition to Compel Discovery, Contempt and Other Relief, which was granted, Wife had still failed to provide any responses thereto. Husband argued that he had presented numerous motions to compel and that Wife had ignored all of them and that he had no way to prepare for trial without the information from her. Husband also argued that Wife's continued failure to respond was prejudicial, dilatory, obdurate, and vexatious, and, that she should be precluded from offering evidence on her behalf at trial. Husband requested that Wife's economic claims be dismissed and that the trial proceed on his claims only, or, in the alternative, that Wife be precluded from offering evidence on her behalf at trial and pay $4,050 in counsel fees. By Order

- 5 -

of Court dated December 30, 2019, [the trial court] granted Husband's request for fees and ordered Wife to comply with the discovery request within five days or she would be precluded from offering evidence at trial. After five days, Wife failed to comply with the December 30, 2019 Order of Court.

On August 4, 2020, Husband served on Wife, through her counsel, with a Petition for Special Relief: Selection of Hearing Date. In his Petition, Husband alleged that after he and Wife's counsels had agreed to cancel the Master's conciliation and proceed to trial, his ability to schedule the same had been delayed due to the COVID-19 pandemic. Husband further alleged that the docket clerk contacted his counsel in July 2020 to schedule the trial for sometime in either September or October. Husband's counsel reached out to Attorney Kranich who informed her that he did not believe Wife wished for him to continue representing her. As for Attorney Vail, Husband alleged that he initially said he was unavailable during the proposed time period, but then ultimately said he no longer represented Wife. After not hearing back from Attorney Kranich, although noting that neither he nor Attorney Vail had withdrawn from the case, Husband requested, *inter alia*, [the trial court] grant him leave to schedule the trial without Wife's consent or agreement as to the date. By Order of Court dated August 11, 2020, [the trial court] granted Husband's Petition.

Thereafter, by Order of Court dated August 18, 2020, the matter was scheduled for trial before Master [Serena M. Newsom] to occur on October 14, 2020. By Order of Court dated October 23, 2020, Master Newsom rescheduled the trial for November 13, 2020, due to her concern that the August 18, 2020 Order of Court scheduling the matter for October 14, 2020, had been sent to Attorney Kranich, who may not have been Wife's counsel, and that Wife may not have known about the trial date. The Master's October 23, 2020 Order of Court that rescheduled the trial was mailed to Wife's home address.

An equitable distribution trial was held before Master Newsom on November 13, 2020. Wife did not attend or participate at trial. Master Newsom filed her Report and Recommendation ("Master's Report") on January 19, 2021. On February 17, 2021, after no exceptions were filed, [the trial court] entered

an Order of Court to Adopt the Report and Recommendation of the Master as a Final Decree.

On March 9, 2021, Husband submitted a Motion to Perfect Service of Affidavit under 3301(d). In his Motion, Husband alleged that although he had previously served his Affidavit under 3301(d) on Wife's counsel via electronic mail on May 25, 2018, the docket clerk refused to process his Praecipe to Transmit the Record because service by electronic mail of the Affidavit was not acceptable under the Rules of Civil Procedure. Husband argued that he had perfected service of his Affidavit because Wife's counsel had signed an Acceptance of Service of the same and that Wife was clearly aware of the divorce proceeding because she previously had filed her own Petition Raising Claims. Husband served this Motion on Wife directly via electronic mail. The undersigned's Law Clerk communicated to Wife that if she wished to submit a response to Husband's motion that she must do so by noon on March 16, 2021, via electronic mail.

On March 15, 2021, Wife, through new counsel, Amie A. Thompson, Esquire, submitted a Motion to Vacate and Reconsider the Orders of Court Dated December 30, 2019 Precluding Evidence and February 12, 2021 Adopting the Report and Recommendation of the Master as a Final Decree ("Motion for Reconsideration"). On March 16, 2021, Husband submitted a Response to Motion to Vacate and Reconsider the Orders of Court Dated December 30, 2019 and February 21, 2021 and New Matter. By Order of Court dated March 16, 2021, [the trial court] granted Husband's Motion to Perfect Service of Affidavit under 3301(d).

Trial Court Opinion, 6/4/21, at 3-12 (footnotes omitted).

On April 2, 2021, the trial court entered the final divorce decree and Wife filed a timely notice of appeal. Wife raises the following claims on appeal:

1. Did the trial court abuse[] its discretion by precluding [Wife] from presenting any testimony, documents or other related evidence at the time of an equitable distribution hearing by issuing interlocutory order dated December 30, 2019 and failing to schedule an evidentiary hearing regarding

the same, thereby denying [Wife] due process and an opportunity to be heard?

2. Did the trial court err in adopting the Report and Recommendation of the Master as a final decree when the report acknowledged there was defective service of the final equitable distribution hearing scheduling order via U.S. Mail upon the then [*pro se* Wife], and service only via email addresses provided by an adversarial Plaintiff, when [Wife] never agreed to service by electronic transmission nor listed any email on a legal paper filed in connection with the action as required for electronic service by 231 Pa.Code § 205.4 (g)(1)(ii) and where service upon [Wife] could not be certified by [Husband] nor the court?

3. Did the trial court deprive [Wife] of due process and an opportunity to be heard at the final equitable distribution hearing in this matter, including the right to object to evidence and cross-examine [Husband], by failing to provide proper service of the final equitable distribution hearing scheduling order pursuant to Pa.R.C.P. 440(a)(2)(i)?

4. Did the trial court err by permitting Plaintiff to perfect service and obtain a Divorce Decree pursuant to the adoption of the Report and Recommendation of the Master as a final decree, but without proper service of the Affidavit Under Section 3301(d) upon Defendant?

Wife's Brief at 18.

We have reviewed the briefs of the parties, the relevant law, the certified record, the notes of testimony, and the opinion of the able trial court judge, the Honorable Jennifer Satler. We conclude that Wife is not entitled to relief in this case, for the reasons expressed in Judge Satler's June 4, 2021 opinion. Therefore, we affirm on the basis of Judge Satler's thorough opinion and adopt it as our own. In any future filing with this or any other court addressing this ruling, the filing party shall attach a copy of Judge Satler's June 4, 2021 opinion.

Decree affirmed. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/11/2022

# Allegheny County - Department of Court Records
## Civil Division - Filings Information

**County caseID:FD-18-002729**
**Case Description:Devine vs Seymour 017**
**Official Docket Entry, Sort By Document Number Ascending**

| Document Number | Filed Date | Title/Entry | Entry Classification | Filed By |
|---|---|---|---|---|
| 1 | 06/04/2021 | Opinion | Official Docket Entry | Jennifer Satler |

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA
FAMILY DIVISION

DAVID SEYMOUR,

    Appellee/Plaintiff,

v.

KAREN DEVINE,

    Appellant/Defendant.

No.: FD 18-002729-017
386 WDA 2021
542 WDA 2021

**OPINION**

BY:

HONORABLE JENNIFER SATLER
706 City-County Building
414 Grant Street
Pittsburgh, PA 15219

COPIES TO:

Counsel for Appellee:
Tara L. Hutchinson, Esq.
2429 East Carson Street, Suite 201
Pittsburgh, PA 15203

Counsel for Appellant:
Amie A. Thompson, Esq.
3045 West Liberty Avenue, Suite #1
Pittsburgh, PA 15216

2021 JUN -4 AM 10: 08
DEPT OF COURT RECORDS
CIVIL/FAMILY DIVISION
ALLEGHENY COUNTY PA

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
FAMILY DIVISION

DAVID SEYMOUR,

        Appellee/Plaintiff,

        v.

KAREN DEVINE,

        Appellant/
Defendant.

No.:  FD 18-002729-017
       386 WDA 2021
       542 WDA 2021

## Opinion

**SATLER, J., June 4, 2021**

Appellant/Defendant Karen Devine ("Wife") appeals this Court's February 12, 2021 Order of Court adopting the January 19, 2021 Master's Report and Recommendation as a Final Order, as well as the March 31, 2021 Divorce Decree.

On March 15, 2021, Wife timely filed her Notice of Appeal to the February 12, 2021 Order of Court. The Appeal was docketed at 386 WDA 2021. By Order of Court dated March 23, 2021, this Court directed Wife to file a Concise Statement of Matters Complained of on Appeal pursuant to Pa. R.A.P. §1925(A)(2)(i) ("Statement"). Wife filed her Statement on April 13, 2021.

On April 30, 2021, Wife filed a second Notice of Appeal to the March 31, 2021 Divorce Decree. The Appeal was docketed at 542 WDA 2021. By Order of Court dated May 10, 20021, this Court directed Wife to file a second Statement

2

pursuant to Pa. R.A.P. §1925(A)(2)(i). Wife filed her second Statement on June 1, 2021. Because both Statements identified the exact same issues, both Appeals will be addressed as one below.

## BACKGROUND

Litigation commenced in this case in January 2018 when Wife filed a Complaint for Spousal Support and Husband filed a single-count Complaint in Divorce. On January 22, 2018, Jay B. Kranich, Esquire, entered his Praecipe for Appearance on behalf of Wife. On February 1, 2018, Husband's counsel filed an Acceptance of Service of the Complaint in Divorce signed by Attorney Kranich on behalf of Wife. On May 25, 2018, Husband's counsel filed Proof of Service that the Affidavit under Section 3301(d) had been served on Attorney Kranich on behalf of Wife.

On or about June 6, 2018, Wife submitted a Protection from Abuse (PFA) Petition and Temporary Order in which she alleged that a worker had informed her that Husband, who had been living in North Carolina, was coming to her house without her authorization. She also alleged that for several months she had been receiving threatening text messages and that her phone, AOL, and Facebook accounts had been hacked. An order granting temporary protection was entered on June 6, 2018, and scheduled a final hearing on the matter for June 21, 2018.

Shortly thereafter, Husband presented a Motion for Special Relief: To

3

Dismiss and Expunge Frivolous Action and Award Sanctions. In his Motion, Husband objected to the entry of the temporary PFA order on the grounds that Wife had failed to establish a *prima facie* case of abuse. In addition, Husband informed the Court that on the day the alleged "abuse" was to have occurred, June 5, 2018, that Wife had actually emailed him that she was upset that he had not responded to her phone calls while also informing him that he was not to be on her property and that she would obtain an emergency order if need be. By Order of Court dated June 15, 2018, this Court denied and/or deferred Husband's requested relief.

On June 19, 2018, Wife, through counsel, filed a Petition Raising Claims. Two days later, the PFA matter was resolved when the parties entered into a Consent Agreement and Order for Expiration of Temporary PFA Order.

A few months later, on August 8, 2018, Husband served Wife, through her counsel, with a Motion to Compel Discovery and Other Relief. In his Motion, Husband alleged that a complex hearing to address Wife's support claim was scheduled for August 21, 2018, and that in the meantime, under an Interim Consent Order dated March 6, 2018, he was obligated to continue paying her expenses including, but not limited to, gas, electricity, water/sewage, mortgage, car payment, and car insurance. However, Husband averred that Wife had failed to respond to his discovery requests that were served on her counsel on June 20, 2018. Husband averred that he was unable to prepare for the complex hearing or submit a Pretrial Statement without the information requested from Wife, and, as such, argued the

4

hearing needed to be rescheduled and that Wife should have to pay him $750 in counsel fees. By Order of Court dated August 15, 2018, the parties, through counsel, consented to Husband's proposed order, which, *inter alia*, obligated Wife to provide discovery responses in ten days from the date of the order and rescheduled the complex hearing to November 29, 2018.

On September 17, 2018, Husband served Wife, through her counsel, with another Motion to Compel Discovery and Petition for Sanctions in which he, again, averred that Wife had failed to respond to his discovery requests that were now two months deficient. Husband argued he was prejudiced by Wife's continued delay to comply with his discovery requests and, again, requested $750 in counsel fees. By Order of Court dated September 24, 2018, this Court ordered Wife to produce discovery responses in twenty days and deferred the issue of counsel fees to equitable distribution.

On November 26, 2018, Husband served Wife, through her counsel, with a Petition for Special Relief: Dismissal of Support Complain and Complex Hearing, in which he argued that Wife still had not provided him with any discovery responses after four months and despite numerous extensions of time. Husband argued Wife was acting in bad faith by continually agreeing to extensions of time to produce discovery responses and then blatantly disregarding the same, all while he was obligated to continue paying her household expenses. As a result, Husband requested dismissal of Wife's support claim, cancellation of the complex hearing,

5

and an award of $2,250 in counsel fees. By Order of Court dated November 19, 2018, this Court granted Husband's Petition.

On January 28, 2019, Husband served Wife, through her counsel, with a Petition for Special Relief: Enforcement of Orders of Court and/or Dismissal of Economic Claims. In his Petition, Husband averred that he had never been served with Wife's Petition Raising Claims previously filed on June 19, 2018, and that only upon a routine docket check in December 2018 did he discover it. Husband argued that despite her Petition Raising Claims, Wife had never filed an Inventory nor, in the span of six months and two orders to compel compliance, provided any discovery responses. Husband requested the Court set firm deadlines by which Wife must comply or risk dismissal of all of her claims. By Order of Court dated January 28, 2019, this Court denied Husband's Petition.

On March 25, 2019, Wife, through counsel, presented a Petition for Civil Contempt/Petition for Special Relief. In her Petition, Wife alleged that despite the March 6, 2018 Interim Consent Order, Husband stopped making payments for her gas, electricity, and water/sewage, and that he had unilaterally closed the respective accounts. Wife alleged that she was fearful that Husband would also stop paying the mortgage and requested the Court enforce the March 6, 2018 Interim Consent Order.

Husband submitted a Response to Petition for Civil Contempt/Petition for Special Relief, in which he argued that he was no longer obligated to pay for

6

Wife's expenses because such expenses were in lieu of spousal support and/or APL and that Wife's support claims had already been dismissed with prejudice. Husband requested that Wife's Petition be denied and that he be awarded another $1,000 in counsel fees. By Order of Court dated March 25, 2019, this Court denied Wife's request that Husband resume paying her expenses and deferred the issue to a contempt hearing to be held on July 8, 2019.

On June 17, 2019, Husband served on Wife, through her counsel, with a Petition for Enforcement and Other Special Relief. In his Petition, Husband alleged that Wife had failed to file her Inventory, as required under the Rules of Civil Procedure and pursuant to the May 14, 2019 Order of Court directing her to do so within twenty days. Husband argued that he was unable to proceed with equitable distribution until Wife complied. Husband also argued that Wife was willfully non-compliant with the previous orders granting his counsel fees totaling $2,250. Husband requested that Wife be ordered to file her Inventory and that his claim for contempt be consolidated with the July 8, 2019 proceeding. By Order of Court dated June 17, 2019, this Court granted Husband's Petition.

On June 26, 2019, Wife, through counsel, filed her Inventory and Appraisement. On July 9, 2019, the parties, through counsel, entered into a Consent Order of Court under which the parties agreed to split Wife's expenses and Husband's claim for counsel fees was deferred to equitable distribution.

By Consent Order of Court dated September 25, 2019, the parties, through

7

counsel, agreed to attend a three-hour conciliation with the Master, which was scheduled to occur, via separate Court Order, on December 19, 2019. On October 15, 2019, Thomas J. Vail, Esquire, entered his Praecipe for Appearance on behalf of Wife.

On November 4, 2019, Husband served Wife, through her counsel, with a Petition to Compel Discovery, Contempt and Other Relief. In his Petition, Husband alleged that he had served discovery requests on Wife on September 21, 2019, but that she had failed to provide any responses thereto. Husband reminded the Court that this was not the first time Wife had failed to comply with discovery requests or motions to compel. Husband argued he was forced to incur more legal expenses as a result of her lack of compliance, so he requested that Wife be ordered to produce discovery responses in ten days and pay $900 in counsel fees. By Order of Court dated November 4, 2019, this Court ordered Wife to produce discovery responses in ten days and deferred the rest of the issues to the Master's conciliation.

On December 30, 2019, Husband served with, through her counsel, with a Petition for Special Relief: Dismissal of Economic Claims or Alternative Motion in Limine. In his Petition, Husband alleged that after agreeing to cancel the Master's conciliation because of her two counsels' unavailability for the same, and to schedule a trial instead, and after presenting his Petition to Compel Discovery, Contempt and Other Relief, which was granted, Wife had still failed to provide any

8

responses thereto. Husband argued that he had presented numerous motions to compel and that Wife had ignored all of them and that he had no way to prepare for trial without the information from her. Husband also argued that Wife's continued failure to respond was prejudicial, dilatory, obdurate, and vexatious, and, that she should be precluded from offering evidence on her behalf at trial. Husband requested that Wife's economic claims be dismissed and that the trial proceed on his claims only, or, in the alternative, that Wife be precluded from offering evidence on her behalf at trial and pay $4,050 in counsel fees. By Order of Court dated December 30, 2019, this Court granted Husband's request for fees and ordered Wife to comply with the discovery request within five days or she would be precluded from offering evidence at trial. After five days, Wife failed to comply with the December 30, 2019 Order of Court.

On August 4, 2020, Husband served on Wife, through her counsel, with a Petition for Special Relief: Selection of Hearing Date. In his Petition, Husband alleged that after he and Wife's counsels had agreed to cancel the Master's conciliation and proceed to trial, his ability to schedule the same had been delayed due to the COVID-19 pandemic. Husband further alleged that the docket clerk contacted his counsel in July 2020 to schedule the trial for sometime in either September or October. Husband's counsel reached out to Attorney Kranich who informed her that he did not believe Wife wished for him to continue representing her. As for Attorney Vail, Husband alleged that he initially said he was unavailable

during the proposed time period, but then ultimately said he no longer represented Wife. After not hearing back from Attorney Kranich, although noting that neither he nor Attorney Vail had withdrawn from the case, Husband requested, *inter alia*, the Court grant him leave to schedule the trial without Wife's consent or agreement as to the date. By Order of Court dated August 11, 2020, this Court granted Husband's Petition.

Thereafter, by Order of Court dated August 18, 2020, the matter was scheduled for trial before Master Newsom to occur on October 14, 2020. By Order of Court dated October 23, 2020, Master Newsom rescheduled the trial for November 13, 2020, due to her concern that the August 18, 2020 Order of Court scheduling the matter for October 14, 2020, had been sent to Attorney Kranich, who may not have been Wife's counsel, and that Wife may not have known about the trial date. The Master's October 23, 2020 Order of Court that rescheduled the trial was mailed to Wife's home address.[1]

An equitable distribution trial was held before Master Newsom on November 13, 2020. Wife did not attend or participate at trial. Master Newsom filed her Report and Recommendation ("Master's Report") on January 19, 2021. On February 17, 2021, after no exceptions were filed, this Court entered an Order of Court to Adopt the Report and Recommendation of the Master as a Final

---

[1] The zip code on this Order of Court was incorrectly identified, an issue that will be discussed below.

Decree.

On March 9, 2021, Husband submitted a Motion to Perfect Service of Affidavit under 3301(d). In his Motion, Husband alleged that although he had previously served his Affidavit under 3301(d) on Wife's counsel via electronic-mail on May 25, 2018, the docket clerk refused to process his Praecipe to Transmit the Record because service by electronic mail of the Affidavit was not acceptable under the Rules of Civil Procedure. Husband argued that he had perfected service of his Affidavit because Wife's counsel had signed an Acceptance of Service of the same and that Wife was clearly aware of the divorce proceeding because she previously had filed her own Petition Raising Claims. Husband served this Motion on Wife directly via electronic mail. The undersigned's Law Clerk communicated to Wife that if she wished to submit a response to Husband's motion that she must do so by noon on March 16, 2021, via electronic mail.

On March 15, 2021, Wife, through new counsel, Amie A. Thompson, Esquire, submitted a Motion to Vacate and Reconsider the Orders of Court Dated December 30, 2019 Precluding Evidence and February 12, 2021 Adopting the Report and Recommendation of the Master as a Final Decree ("Motion for Reconsideration"). On March 16, 2021, Husband submitted a Response to Motion to Vacate and Reconsider the Orders of Court Dated December 30, 2019 and February 21, 2021 and New Matter. By Order of Court dated March 16, 2021, this

Court granted Husband's Motion to Perfect Service of Affidavit under 3301(d).[2]

On March 17, 2021, this Court received electronic notification from the Superior Court of Pennsylvania that a Notice of Appeal had been filed in this case. Pursuant to Appellate Rule of Procedure 1701(b), this Court concluded that it lacked jurisdiction to rule on Wife's Motion for Reconsideration. For this reason, the undersigned's Law Clerk notified counsel via email that it would not be ruling on Wife's Motion for Reconsideration or Husband's Response thereto.

## MATTERS COMPLAINED OF ON APPEAL

In her Statements, Wife identifies the following issues on appeal:

1. Did the trial court err in adopting the *Report and Recommendation of the Master* as a final decree when the report acknowledged there was defective service of the final equitable distribution hearing scheduling order via U.S. Mail upon the then *pro-se* Defendant, and service only via email addresses provided by an adversarial Plaintiff, when Defendant never agreed to service by electronic transmission nor listed any email on a legal paper filed in connection with the action as required for electronic service by 231 Pa.Code §205.4(g)(1)(ii) and where service upon Defendant could not be certified by Plaintiff nor the court?

2. Did the trial court deprive Defendant of due process and an opportunity to be heard at the final equitable distribution hearing in this matter, including the right to

---

[2] Wife submitted a Response to Husband's Motion to Perfect Service of Affidavit under 3301(d). However, because the Response was submitted after this Court's noon submission deadline for responsive pleadings, as set forth in its Standard Operating Procedures, said Response was rejected.

object to evidence and cross-examine Plaintiff, by failing to provide proper service of the final equitable distribution hearing scheduling order pursuant to Pa.R.C.P. 440(a)(2)(i)?

3. Did the trial court abuse its discretion by precluding Defendant from presenting any testimony, documents or other related evidence at the time of an equitable distribution hearing by issuing interlocutory order dated December 30, 2019 and failing to schedule a contempt hearing regarding the same, thereby denying Defendant due process and an opportunity to be heard?

4. By declining to rule on Defendant's Request for Reconsideration of the Trial Court's Order Adopting the Report and Recommendation of the Master as a Final Decree, including counsel's belief that Defendant may lack legal competency and require a Guardian Ad Litem, did the trial court violate Defendant's rights under the Americans With Disabilities Act of 1990 (ADA), 42 U.S.C. 12132, which guarantees disabled individuals access to public entities and operates to protect disabled persons restrained by barriers to court facilities?

5. Did the trial court err by declining to rule and issue an order on Defendant's Request for Reconsideration of the Trial Court's Order Adopting the Report and Recommendation of the Master as a Final Decree, citing lack of jurisdiction via email alone?

6. Did the trial court err by permitting Plaintiff to perfect service and obtain a Divorce Decree pursuant to the adoption of the Report and Recommendation of the Master as a final decree, but without proper service of the Affidavit Under Section 3301(d) upon Defendant?

## DISCUSSION

### Issues One & Two

Wife's first two issues on Appeal relate to whether this Court erred by adopting the Master's Report as a final decree when the Master's Report identified defective service of the scheduling order to Wife. Pennsylvania Rule of Civil Procedure 1920.55-2 sets forth the procedure for the filing of a Master's Report and exceptions thereto. Pursuant to Rule 1920.55-2(b), parties have twenty days to file exceptions to a Master's Report and matters not covered by an exceptions filing are deemed waived. Pursuant to Rule 1920.55-2(d), if no exceptions are filed, then this Court is to review the Report and, if approved, shall enter a final decree.

In this case, the Master's Report was filed on January 19, 2021. Notice of the Filing and Service of the Master's Report was also filed on January 19, 2021. Both the Master's Report and the Notice thereof were mailed to Wife's home address with the correct zip code (15025). Neither party filed exceptions to the Master's Report and, as a result, this Court adopted it as a final decree. Although this Court acknowledges the Master raised concerns that the October 23, 2020 scheduling order was mailed to Wife's home address with an incorrect zip code (15205), this Court was satisfied with the Master's conclusion that service was nonetheless effectuated.[3]

---

[3] See Master's Report, page 2, footnote 6.

14

More importantly, whatever concerns that existed with service of the scheduling order are negated by the fact that service of the Master's Report itself and the Notice thereof were mailed to Wife's home address with a correct zip code, a fact that Wife does not dispute, and that she nevertheless failed to file exceptions to the same. "Claims which have not been raised in the trial court may not be raised for the first time on appeal." *Mazlo v. Kaufman*, 793 A.2d 968, 969 (Pa.Super 2002). Rule 1920.55-2(d) makes clear that matters not covered by exceptions are waived. Thus, because Wife failed to file exceptions to the Master's Report regarding lack of service of the October 23, 2020 scheduling order, the issue of service is waived. As a result, this issue is without merit and should be dismissed.

## Issue Three

Wife's third issue on appeal is whether this Court erred by issuing the December 30, 2019 Order of Court that, *inter alia*, precluded Wife from presenting evidence at the final equitable distribution hearing. Pennsylvania Rule of Appellate Procedure 903(a) sets the general time frame for the filing of a notice of appeal to within 30 days from entry of the order being appealed. There is no dispute that Wife failed to file a notice of appeal of the December 30, 2019 Order of Court within 30 days of its entry. Thus, because Wife did not timely file a notice of appeal to the December 30, 2019 Order of Court, any issues with that order are waived. As a result, this issue is without merit and should be dismissed.

15

## Issue Four

Wife's fourth issue on appeal is whether this Court erred by declining to rule on her Motion for Reconsideration. Pennsylvania Rule of Appellate Procedure 1701 provides that after the filing of a notice of appeal, a trial court generally may not proceed further in the matter. In the event a trial court has been served with a motion for consideration, subsection (b)(3) explains that the trial court may only grant reconsideration if both the motion and order granting reconsideration were filed within the time prescribed for filing a notice of appeal, which, as stated above, was 30 days.

Thus, Wife had 30 days to file a notice of appeal to the February 12, 2021 Order of Court that adopted the Master's Report as a final decree. By this Court's calculation, Wife's deadline to file an appeal was March 15, 2021. Wife's Motion for Reconsideration was submitted to this Court on March 15, 2021. Pursuant to the undersigned's Standard Operation Procedures, non-emergency motions will not be ruled upon until seven days has passed, unless otherwise agreed by counsel, and the opposing side has up until noon on the seventh day to submit a responsive pleading. As such, Wife's Motion for Reconsideration was not scheduled to be ruled by this Court until March 22, 2021.

However, on March 17, 2021, this Court received electronic notification from the Superior Court of Pennsylvania that a Notice of Appeal had been filed in

16

this case on March 15, 2021.[4] Pursuant to Rule 1701(b)(3) of the Pennsylvania Rules of Appellate Procedure, this Court determined that it lacked jurisdiction to rule on Wife's Motion for Reconsideration. A trial court is not obligated to act on a motion for reconsideration and loses jurisdiction to do so after the thirty-day appeal period expires. See *Lichtman v. Glazer*, 111 A.3d 1225, 1229-1230 (Pa.Cmwlth.2015). Thus, because this Court lacked jurisdiction to rule on Wife's Motion for Reconsideration, this issue is without merit and should be dismissed.

## Issue Five

Wife's fifth issue on appeal is whether this Court erred by declining to rule on her Motion for Reconsideration by citing a lack of jurisdiction via email only. As set forth above, not only did this Court properly determine that it lacked jurisdiction to rule on Wife's Motion for Reconsideration, even if it had jurisdiction to rule on it, this Court had no obligation to do so. It follows, then, that if this Court had no obligation to rule on the Motion for Reconsideration, then it also had no obligation to issue an order of court regarding the same. This Court's email notifying counsel that it would not be ruling on Wife's Motion for Reconsideration was sent out of common courtesy and did not constitute error. As such, this issue is without merit and should be dismissed.

## Issue Six

Wife's sixth issue on appeal is whether this Court erred by granting

---

[4] To date, this Court has never been served with the Notice of Appeal.

Husband's Motion to Perfect Service of Affidavit Under Section 3301(d), which enabled him to obtain the Divorce Decree. This issue is the subject of an Order of Court dated March 16, 2021, which is not currently subject to the pending Notice of Appeal. To the extent this Court erred by issuing the March 16, 2021 Order of Court after the Notice of Appeal had been filed, this Court would submit that it had no knowledge of the Notice of Appeal, as this Court was never served with it, and that this Court was only made aware of the Notice of Appeal on March 17, 2021, when it received an electronic notification from the Superior Court of Pennsylvania regarding the same. In any event, because this issue is outside the scope of this Appeal, it should be dismissed.

## CONCLUSION

For the reasons set forth above, because Wife did not properly preserve her issues for appeal and/or her issues are without merit, Wife's Appeal should be dismissed and this Court's February 12, 2021 Order of Court and the March 31, 2021 Divorce Decree should be affirmed.

BY THE COURT:

_____
HONORABLE JENNIFER SATLER

18